**F I L E D**

PUBLISH

**September 13, 2005**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROSA AURORA SABIDO
VALDIVIA,

        Petitioner,

v.

ALBERTO R. GONZALES, Attorney
General, [*]

        Respondent.

No. 04-9525

**PETITION FOR REVIEW FROM THE BOARD OF
IMMIGRATION APPEALS
(No. A 29-228-118)**

Submitted on the briefs:

Rosa Aurora Sabido Valdivia, pro se, Petitioner.

Emily Anne Radford, Assistant Director, Keith I. Berstein, Attorney, United
States Department of Justice, Civil Division, Office of Immigration Litigation,
Washington, D.C., for Respondent.

Before **BRISCOE**, **ANDERSON**, and **BRORBY**, Circuit Judges.

---

[*]    On February 4, 2005, Alberto R. Gonzales became the United States
Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the
Respondent in this action.

**BRISCOE**, Circuit Judge.

Rosa Aurora Sabido Valdivia petitions pro se for review of a final order of removal issued by the Board of Immigration Appeals (BIA). The BIA's order summarily affirmed the immigration judge's (IJ's) decision denying Ms. Valdivia's application for cancellation of removal. Because the BIA summarily affirmed the IJ's decision, we review the IJ's analysis as if it were the BIA's. *Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1235 (10th Cir. 2003). **

FACTS

The facts of this case are essentially undisputed. Although in her brief Ms. Valdivia asserts that the IJ and the BIA failed to consider certain facts relevant to her case, the record reveals that the facts she mentions either were considered, or are irrelevant to the legal issues presented in this case.

Ms. Valdivia entered this country illegally, without inspection, in April 1987.[1] On January 26, 2001, she was served a notice to appear charging her with

_____

** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Some of the evidence in the case suggests that she entered on May 1, 1987. Any factual dispute as to these dates is not material to the result.

-2-

being subject to removal for being present in the United States without being admitted or paroled. She has conceded her removability as charged.

On February 1, 2001, Ms. Valdivia filed an application for cancellation of removal. The IJ found that in the ten years immediately preceding the filing of this application, Ms. Valdivia had left the United States on five occasions. Specifically, she was gone: (a) for two weeks in July 1991; (b) for two months beginning in January 1992;(c) for one month beginning in December 1995; (d) for two weeks in May 1996; and (e) for five and one-half months, between December 17, 1997 and May 31, 1998. During the December 17, 1997 to May 31, 1998 absence from the United States, she attempted to re-enter this country legally but was denied re-entry on April 7, 1998. She thereafter re-entered this country illegally at the end of May 1998.

A nonpermanent resident alien may receive cancellation of removal if she:

(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

(B) has been a person of good moral character during such period;

(C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title (except in a case described in section 1227(a)(7) of this title where the Attorney General exercises discretion to grant a waiver); and

(D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child,

-3-

who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1).

The IJ found that Ms. Valdivia met two of the requirements for cancellation of removal under § 1229b(b)(1): (1) that Ms. Valdivia is a person of good moral character; and (2) that Ms. Valdivia's mother was a relative who would suffer exceptional and extremely unusual hardship if Ms. Valdivia were removed from the United States. The IJ did not make a finding on the third requirement, whether Ms. Valdivia had been convicted of one of the offenses listed in § 1229b(b)(1)(C), but the government does not contend that this requirement would disqualify Ms. Valdivia. The IJ did find, however, that Ms. Valdivia did not meet the remaining requirement of the statute, that she "ha[d] been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application." *Id.* § 1229b(b)(1)(A). Specifically, the IJ found that Ms. Valdivia failed to meet this requirement because she was absent from the United States for a continuous period of more than ninety days during the required ten-year period of physical presence. *See id.* § 1229b(d)(2).

## ANALYSIS

### 1. Jurisdiction

We must first address a threshold jurisdictional question before turning to the merits. *See Alvarez-Delmuro v. Ashcroft,* 360 F.3d 1254, 1256 (10th Cir.

2004) (identifying jurisdictional inquiry concerning reviewability as "threshold issue" in cancellation of removal case). The Immigration and Nationality Act provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under" § 1229b. 8 U.S.C. § 1252(a)(2)(B)(i). To the extent that Ms. Valdivia's petition seeks review of a "judgment" that falls within this provision, we lack jurisdiction to consider it.

Construed broadly, Ms. Valdivia's pro se appellate brief raises the following four issues:

(1) the IJ failed to consider the evidence presented by her witnesses that she met the ten-year period of continuous residency and should have been permitted to remain in the United States;

(2) the IJ failed to consider that her naturalized citizen parents have filed a separate petition for adjustment of status, which remains pending on her behalf;

(3) the IJ failed to consider the extreme hardship her mother will suffer as a result of her removal; and

(4) the BIA failed to consider Ms. Valdivia's good moral character.

Addressing these issues in reverse order, we need not determine whether the last three issues fall within the scope of § 1252(a)(2)(B)(i)'s jurisdictional bar because none of them are properly before us in any event. Ms. Valdivia's complaint that a separate adjustment of status petition remains pending on her

behalf is irrelevant to the issues in this petition for review, which arise from the IJ's denial of her application for cancellation of removal.[2] As to her third and fourth issues, she is not aggrieved by the IJ's or the BIA's alleged failure to consider evidence or to rule in her favor on the extreme hardship and good moral character requirements because the IJ in fact ruled in her favor on these issues and the BIA affirmed that ruling. *See generally Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir. 1993) ("To have standing, one must be aggrieved by the order from which appeal is taken."). We therefore summarily dismiss the petition as to these issues, which are not properly before us.

The only remaining issue concerns the IJ's determination that Ms. Valdivia failed to establish the required ten-year period of continuous physical presence because she departed the United States for more than ninety days during the ten-year period. We have previously held that § 1252(a)(2)(B)(i) bars this court's review of any discretionary aspect of a BIA decision concerning cancellation of removal. *Ekasinta v. Gonzales*, 415 F.3d 1188, 1191 (10th Cir. 2005). In particular, we lack jurisdiction to review a BIA decision that a petitioner has

_____

[2] An IJ informed Ms. Valdivia, during previous proceedings in Los Angeles in this case during April 2001, that she would have a nine-year wait until the petition for adjustment of status could be processed. *See* Admin. R. at 42. She fails to show that there has been any final agency action on the petition that would be subject to our review at this time.

failed to demonstrate that removal would cause "exceptional and extremely unusual hardship." *Morales-Ventura v. Ashcroft*, 348 F.3d 1259, 1262 (10th Cir. 2003). We have not previously decided, however, whether we have jurisdiction to review *non-discretionary* determinations reached under § 1229b, or if review of these determinations is also barred by § 1252(a)(2)(B)(i). Assuming that we have jurisdiction to review such non-discretionary determinations, we must also determine whether the calculation of the period a petitioner was absent from the United States is such a non-discretionary decision.

Our previous cases have left open the question whether § 1252(a)(2)(B)(i) bars review of all agency decisions relating to cancellation of removal, or only those that rest on discretionary grounds. *See Ekasinta*, 415 F.3d at 1191 (characterizing the government's position that the jurisdictional bar applies only to judgments resting on discretionary grounds as "not without doubt."). Every circuit that has considered the question, however, has determined that courts retain jurisdiction to review non-discretionary decisions reached under § 1229b. In particular, our sister circuits have construed § 1252(a)(2)(B)(i) as permitting review of non-discretionary determinations pertaining to whether the alien has met the requirement of continuous physical presence in the United States for the prescribed ten-year period. *See, e.g.*, *Ortiz-Cornejo v. Gonzales*, 400 F.3d 610, 612 (8th Cir. 2005) ("Whether an alien has complied with § 1229b's

-7-

continuous-physical-presence requirement is a nondiscretionary determination that we may review."); *Santana-Albarran v. Ashcroft*, 393 F.3d 699, 703 (6th Cir. 2005) (to same effect); *Morales-Morales v. Ashcroft*, 384 F.3d 418, 423 (7th Cir. 2004) (stating that "the antecedent, non-discretionary question whether the IJ correctly interpreted the rules determining when a break in physical presence has occurred" is question of statutory interpretation and hence falls outside the jurisdiction-stripping rule); *Lagandaon v. Ashcroft*, 383 F.3d 983, 986-87 (9th Cir. 2004); *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 215-17 (5th Cir. 2003); *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 178 (3d Cir. 2003).[3]

These cases address the specific issue of whether § 1252's prohibition on review of the agency's "judgment" encompasses any determination on a petition under § 1229b reached by the agency, or only those decisions that involve the exercise of discretion. The cases cited from our sister circuits hold that only decisions involving the exercise of discretion fall within the § 1252's definition of a "judgment." We find the logic of these cases compelling for several reasons. First, there is a strong presumption in favor of judicial review of administrative action. *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1141 (9th Cir. 2002).

---

[3]     *Cf. also Najjar v. Ashcroft*, 257 F.3d 1262, 1297-98 (11th Cir. 2001) (permitting review of non-discretionary "continuous physical presence" aspect of suspension of deportation decision under IIRIRA transitional rules); *Bernal-Vallejo v. INS*, 195 F.3d 56, 62 (1st Cir. 1999) (same, in dicta).

Second, a longstanding principle requires us to construe ambiguities in removal statutes in favor of the alien. *Id.* Third, the word "judgment" in § 1252 does not unambiguously strip the courts of non-discretionary decisions. *Id.* Congress knows how to enact an all encompassing jurisdiction-stripping statute, but did not do so here. *Id.* at 1143. Finally, § 1252(a)(2)(B)(i) must be read in relation to § 1252(a)(2)(B)(ii), which strips the courts of jurisdiction to review "any *other* decision or action of the Attorney General the authority for which is specified under this subchapter to be *in the discretion of the Attorney General*[.]" (emphasis added). When read together, the two subsections of § 1252(a)(2)(B) indicate Congress's intention to prohibit review only of those "judgments" that are discretionary in nature. In sum, we join our sister circuits and hold that we may review non-discretionary decisions relating to § 1229b's continuous physical presence requirement.

We next turn to the issue of whether the decision reached in this case turned on the evaluation of non-discretionary criteria. We conclude that it did. The IJ's finding that Ms. Valdivia left the United States for a period of ninety days is a quintessentially non-discretionary inquiry. This is not a question for which we can say that there is "no algorithm" on which review can be based, or one that involves a "judgment call" by the agency. *Morales Ventura*, 348 F.3d at

1262. We therefore conclude that we have jurisdiction to consider the continuous physical presence issue presented here.

## 2. Merits

The special rules relating to continuous physical presence provide that:

> An alien shall be considered to have failed to maintain continuous physical presence in the United States under [8 U.S.C. § 1229b] (b)(1) and (b)(2) . . . if the alien has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days.

8 U.S.C. § 1229b(d)(2).

The evidence presented establishes that Ms. Valdivia left the United States and thus was not physically present in the United States from December 17, 1997, to May 31, 1998 . This time period exceeded ninety days. Although Ms. Valdivia refers to "the evidence of my witnesses that I was under the legal period of time that immigration gives to request some relief . . . like the 10 year[] period of living in the United States," Aplt. Br. at 3, she fails to point to any evidence in the record, and we have found none, from any witness that would overcome the simple arithmetical calculation presented, i.e., whether her absence from the United States exceeded ninety days. We therefore conclude the IJ correctly determined that she was ineligible for cancellation of removal.

The petition for review is DISMISSED in part and DENIED in part.