**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID W. TURANGAN;
KEVIN M. TURANGAN;
RENAWATI GULTON,

      Petitioners,

v.

MICHAEL B. MUKASEY,[*]
Attorney General,

      Respondent.

No. 07-9517
(Petition for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **KELLY**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

David Turangan, his wife Renawati Gultan, and their son Kevin Turangan,

petition for review of a Board of Immigration Appeals (BIA) decision denying

their applications for asylum, restriction on removal, and protection under the

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Michael B. Mukasey is substituted for Alberto R. Gonzales as appellee in this appeal.

[**]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Convention Against Torture (CAT). The sole issue presented is whether petitioners are eligible for restriction on removal. We agree with the BIA's determination that petitioners failed to establish their eligibility for restriction on removal and therefore deny the petition for review.

**I.**

Petitioners are natives and citizens of Indonesia. They entered the United States on October 29, 2000, on B-2 visitor visas authorizing them to stay until April 28, 2001. They overstayed their visit, however, and subsequently applied for asylum in 2003. The Department of Homeland Security accepted their applications on September 11, 2003, but denied relief because petitioners failed to file their applications within one year of entering this country. Thereafter, the government commenced removal proceedings, charging petitioners under 8 U.S.C. § 1227(a)(1)(B) for having remained in the United States beyond their authorized time. Petitioners conceded their removability, but reasserted their request for asylum, adding claims for restriction on removal and protection under the CAT. An Immigration Judge (IJ) denied relief, the BIA affirmed, and this petition followed.

**II.**

Our threshold inquiry is whether we have jurisdiction to consider this petition. *See Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1147 (10th Cir. 2005) ("We must first address a threshold jurisdictional question before turning to the

-2-

merits."). Petitioners do not challenge the agency's decision regarding the denial of asylum or relief under the CAT and as a consequence, we have no occasion to consider the propriety of these conclusions. With regard to the BIA's denial of restriction on removal, however, we review the agency's legal determinations de novo and its findings of fact under the substantial evidence standard, *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004). The BIA's decision is reviewed as the final order of removal, but where the BIA relies on the IJ's rationale to reach its decision, we may consult the IJ's opinion to the extent relied upon by the BIA. *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007).

An alien is entitled to restriction on removal if "the alien's life or freedom would be threatened in [the country of removal] on account of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see also Sidabutar v. Gonzales*, 503 F.3d 1116, 1123 (10th Cir. 2007). An alien creates a rebuttable presumption that he is eligible for restriction on removal by showing he suffered past persecution on account of any of these five grounds, 8 C.F.R. § 1208.16(b)(1), or by showing that it is "more likely than not" that he will suffer future persecution if returned to the country of removal, *id.*, § 1208.16(b)(2); *see also Sidabutar*, 503 F.3d at 1124.

In this case, petitioners assert they suffered past persecution and face a clear probability of future persecution on account of their Christian faith. With

regard to past persecution, they cite Mr. Turangan's childhood, when he was harassed by students and administrators at his school. They also cite riots Mr. Turangan later observed in 1997 and 1998, during which Muslims targeted Christians on account of religious animus, causing petitioners to feel trapped in their home while their church was damaged. Petitioners claim the BIA erred in concluding that this evidence did not show past persecution because the BIA failed to consider certain background material discussing Christian churches that had been damaged or destroyed between 1945 and 1998, Indonesia's poor human rights record, a growing terrorist movement, and a limited number of officially recognized religions.

We perceive no error. Persecution is the "infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive and must entail more than just restrictions or threats to life and liberty." *Wiransane v. Ashcroft*, 366 F.3d 889, 893 (10th Cir. 2004) (internal quotation marks omitted). To establish past persecution, an alien must show (1) an incident that rises to the level of persecution; (2) on account of a statutorily-protected basis; (3) committed by the government or forces the government cannot or will not control. *Niang v. Gonzales*, 422 F.3d 1187, 1194-95 (10th Cir. 2005). Here, petitioners simply allege nothing that rises to the level of persecution. *See Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) (explaining that "[m]ere generalized

lawlessness and violence between diverse populations" is not enough to show persecution).

Still, petitioners maintain that the cumulative effect of their past experiences creates a presumption of future persecution. But because they fail to establish past persecution, petitioners are not entitled to a presumption of future persecution. 8 C.F.R. § 1208.16(b)(2). Instead, they must affirmatively show a clear probability of future persecution by demonstrating either that they would be singled out personally for persecution, or that they have "a reasonable fear of persecution because of [their] membership in a group subject to a pattern or practice of persecution." *Woldemeskel v. INS*, 257 F.3d 1185, 1190-91 (10th Cir. 2001) (internal quotation marks omitted). Petitioners make no showing on either of these grounds and as a result, fail to establish that they face a clear probability of future persecution. Petitioners are not eligible for restriction on removal.

Accordingly, the petition for review is DENIED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-5-