**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HECTOR POHAN,

      Petitioner,

v.

MICHAEL B. MUKASEY,[*] United
States Attorney General,

      Respondent.

No. 07-9529
(Petition for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **LUCERO**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Petitioner Hector Pohan, a native and citizen of Indonesia, petitions for

review of the decision of the Board of Immigration Appeals (BIA) denying his

motion to reopen the proceedings and to reconsider the issue of cancellation of

removal. He claims entitlement to an exemption from the continuous-physical-

---

[*]    In accordance with Fed. R. App. P. 43(c)(2), Michael B. Mukasey is
substituted for Alberto R. Gonzales as respondent in this appeal.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

presence requirement for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a)[1] and deny the petition for review.

## BACKGROUND

Mr. Pohan entered the United States in October 1995 on a nonimmigrant visa that entitled him to stay through April 1996. He remained beyond that date, however, and fathered a child, Grace, who suffers from multiple, severe medical conditions.

In April 2003 Mr. Pohan applied for asylum, withholding of removal, and protection under the Convention Against Torture, claiming a fear of persecution in Indonesia on account of his Christian religion. In July 2003 the Immigration and Naturalization Service[2] served him with a notice to appear for a hearing before an immigration judge (IJ). At the hearing he testified that he did not fear for his safety in Indonesia but he was afraid that he would be unable to obtain medical care there for Grace. The IJ denied the application, finding no past persecution or well-founded fear of future persecution. The IJ also considered whether Grace's medical condition warranted cancellation of removal. But he

---

[1]     Although 8 U.S.C. § 1252(a)(2)(B)(i) bars review of the discretionary aspects of cancellation of removal, whether an alien has satisfied the continuous-physical-presence requirement is a reviewable determination. *See Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1149 (10th Cir. 2005).

[2]     As a result of the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, 2192, 2205 (2002), the INS has ceased to exist as an agency within the Department of Justice, and its enforcement functions have been transferred to the Department of Homeland Security.

concluded that such relief was unavailable because Mr. Pohan had not been in the United States for the required amount of time.

Mr. Pohan appealed to the BIA, which affirmed the IJ's decision. He then filed a motion asking the BIA to reopen and reconsider his case on the basis that he had finally accrued enough time in the United States to qualify for cancellation of removal. The BIA denied the motion on April 19, 2007, ruling that the 2003 service of the notice to appear interrupted his continuity of presence in the United States. Mr. Pohan's petition for review challenges only the April ruling.

## DISCUSSION

The BIA's decision to grant or deny a motion to reopen or reconsider is a discretionary determination. *See* 8 C.F.R. § 1003.2(a). "We will reverse only if the BIA's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005) (internal quotation marks omitted).

To qualify for cancellation of removal on the basis of an "exceptional and extremely unusual hardship" to the alien's child, the alien must, among other things, have "been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application." 8 U.S.C. § 1229b(b)(1). Continuity of presence ends when the alien is served a notice to appear. *See id.* § 1229b(d)(1)(A). Thus, Mr. Pohan's presence in this

country ran from his October 1995 entry to the July 2003 service of the notice to appear—a period of only seven years and nine months.

Mr. Pohan does not dispute that he failed to meet the 10-year requirement. Instead, he argues that it should not apply "because a young girl's life is at stake." Br. at 6. But he identifies no authority, and we have found none, that would permit the BIA or this court to ignore the clear statutory language that cancellation of removal requires 10 years of continuous presence in the United States. *See* 8 U.S.C. § 1229b(b)(1).

The BIA properly denied Mr. Pohan's motion to reopen and reconsider.

### CONCLUSION

The petition for review is DENIED.

Entered for the Court


Harris L Hartz
Circuit Judge