FILED
United States Court of Appeals
Tenth Circuit

April 4, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BARENYONO SITOMPUL,

Petitioner,

v.

MICHAEL B. MUKASEY,
United States Attorney General,

Respondent.

No. 07-9533
(Petition for Review)

ORDER AND JUDGMENT[*]

Before **LUCERO** and **PORFILIO**, Circuit Judges, **BRORBY**, Senior Circuit
Judge.

Barenyono Sitompul petitions for review of a final order of removal in

which the Bureau of Immigration Appeals (BIA) affirmed an Immigration Judge's

(IJ) denial of his applications for asylum, restriction on removal,[1] protection

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     Restriction on removal was known as *withholding of removal*
before amendment to the [Immigration and Nationality Act] made by

(continued...)

under the Convention Against Torture (CAT), and cancellation of removal. On appeal, Mr. Sitompul does not challenge the denial of asylum. He petitions for our review of only the denials of restriction on removal, protection under the CAT, and cancellation of removal. Exercising jurisdiction under 8 U.S.C. § 1252(a)(1), we dismiss for lack of jurisdiction Mr. Sitompul's argument concerning cancellation of removal and deny his petition for review in all other respects.

## BACKGROUND

Mr. Sitompul is a native and citizen of Indonesia, a predominantly Muslim nation. He is an ethnic Batak and a Christian, who is a member of the Seventh Day Adventist Church. He was admitted to the United States in July 1991 as a tourist with permission to stay until January 1992. In 2003, the Department of Homeland Security began removal proceedings against Mr. Sitompul under 8 U.S.C. § 1227(a)(1)(B). He conceded removability, but sought asylum, withholding of removal, CAT protection, and cancellation of removal.

---

[1](...continued)
> the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 . . . , Pub. L. No. 104-208, 100 Stat. 3009. The regulations under the INA, however, retain the former term *withholding of removal*, *see, e.g.*, 8 C.F.R. § 208.16(b), and both the IJ and the BIA have referred to *withholding of removal*. Nevertheless, we use the statutory term *restriction on removal*.

*Ismaiel v. Mukasey*, 516 F.3d 1198, 1200 n.2 (10th Cir. 2008).

At the hearing before the IJ, Mr. Sitompul testified that Muslims in his neighborhood in Indonesia taunted his family based on their being Christians and Bataks. He also testified that he attended a Christian school in Indonesia and was harassed and taunted by Muslims at his bus stop. On one occasion, he was punched and kicked by Muslim students until police arrived. After the incident, he was treated at a hospital for cuts to his hand and lips. If he is returned to Indonesia, Mr. Sitompul stated that he fears being kidnaped or killed because he is a Christian and because he is returning to Indonesia from the United States. He believes it would be unsafe for him to live anywhere in Indonesia. Mr. Sitompul's pastor testified that although it is generally dangerous to openly practice Christianity and to build Christian churches in Indonesia, there are Christian-majority areas that are safe for Christians to openly practice their religion. In addition to presenting testimony at the hearing, Mr. Sitompul also presented news reports and government documents indicating there is religious turmoil in Indonesia.

The IJ denied asylum, withholding of removal, protection under the CAT, and cancellation of removal and ordered Mr. Sitompul removed to Indonesia. The IJ recognized that Christians occasionally are abused and authorities occasionally fail to respond to that abuse. But, based on the entire record, the IJ rejected Mr. Sitompul's claim of a likelihood of persecution based on his Christian beliefs. Instead, the IJ found that Mr. Sitompul could relocate within Indonesia to avoid

harm due to his religion. In accordance with these findings, the IJ denied Mr. Sitompul's claim for withholding of removal. Additionally, the IJ denied the CAT claim, because the record evidence was insufficient to show a likelihood that the Indonesian government would torture Mr. Sitompul or acquiesce in such behavior against him if he was returned to Indonesia. With respect to cancellation of removal, the IJ found that Mr. Sitompul's mother would suffer some hardship if he were returned to Indonesia, but that hardship would not be exceptional or extremely unusual since her other children, who live in the United States, could care for her and she could stay in touch with Mr. Sitompul since she regularly visits Indonesia.

Adopting and affirming the IJ's decision, the BIA agreed with the IJ that Mr. Sitompul did not meet his burden of showing he would be persecuted if he returned to Indonesia, he did not prove Christians of Batak ethnicity are subject to a pattern or practice of persecution that the Indonesian government is unable or unwilling to control, CAT protection was not warranted because he did not prove that it was more likely than not that he would be tortured, he was unable to prove he could not relocate within Indonesia, and he was unable to show that his mother would suffer exceptional and extreme hardship if he was removed.

## DISCUSSION

*A. Cancellation of Removal*

Mr. Sitompul contends that the IJ abused his discretion and denied Mr. Sitompul due process by failing to consider the record evidence before denying cancellation of removal. We do not have jurisdiction to review an agency's discretionary decision to deny cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(I); *Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1148 (10th Cir. 2005). But we do have jurisdiction to review a constitutional claim asserting denial of due process. *See* 8 U.S.C. § 1252(a)(2)(D); *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1020 (10th Cir. 2007) ("While the cancellation of removal is not a liberty or property interest, aliens challenging eligibility for the cancellation of removal are entitled to an opportunity to be heard at a meaningful time and in a meaningful manner.") (quotation omitted). Mr. Sitompul's due process argument, however, merely disputes the IJ's findings and therefore is not a colorable constitutional challenge capable of avoiding the jurisdictional bar. *See Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007) ("An alien does not present a colorable constitutional claim capable of avoiding the jurisdictional bar by arguing that the evidence was incorrectly weighed, insufficiently considered, or supports a different outcome."). Accordingly, we dismiss this claim for lack of jurisdiction.

*B. Restriction on Removal and CAT*

 *1. Scope and Standard of Review*

The BIA issued its per curiam decision in a brief order signed by a single board member. *See* 8 C.F.R. § 1003.1(e)(5). We therefore review that decision as the final order of removal, but "we may consult the IJ's opinion to the extent that the BIA relied upon or incorporated it." *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007). We review the BIA's decision to determine whether its factual findings are supported by reasonable, substantial, and probative evidence based on the entire record. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). "We do not weigh the evidence . . . ." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007) (quotation omitted). For Mr. Sitompul to prevail on appeal, we must be convinced that "the evidence not only *supports* [reversal], but *compels* it." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

 *2. Restriction on Removal*

Mr. Sitompul argues that the agency should not have denied restriction on removal because the agency's finding that he would not suffer religious persecution upon return to Indonesia is not supported by substantial evidence. For restriction on removal, Mr. Sitompul must show that his "life or freedom would be threatened" in Indonesia because of his Christian religion or Batak ethnicity. 8 U.S.C. § 1231(b)(3)(A). He can satisfy this by "showing that 'it is more likely than not that [he] would be subject to persecution . . .' upon returning

-6-

to" Indonesia.  *Tulengkey v. Gonzales*, 425 F.3d 1277, 1280 (10th Cir. 2005) (quoting *INS v. Stevic*, 467 U.S. 407, 429-30 (1984)).

Mr. Sitompul concedes that he has not been subject to past persecution, but he argues that he has "a well-founded fear of persecution."  8 C.F.R. § 1208.13(b)(2)(I).  He, however, "does not have a well-founded fear of persecution if [he] could avoid persecution by relocating to another part of" Indonesia, "if under all the circumstances it would be reasonable to expect [him] to do so."  *Id.* § 1208.13(b)(2)(ii); *see id.* § 1208.16(b)(2), (3).  Because Mr. Sitompul "has not shown past persecution and the alleged future persecution" is by Muslims and "is not by a government or a government-sponsored group, [he] bears the burden of establishing that relocation would be unreasonable."[2] *Tulengkey*, 425 F.3d at 1281.

In adopting the IJ's decision, the BIA, in summary, found that Mr. Sitompul did not meet his burden to show that he would be unable to relocate within Indonesia.  More specifically, the IJ found that relocation would be possible, based on State Department reports indicating that some Christians have moved to parts of Indonesia where they generally experience little religious

---

[2]     Although the IJ and BIA rejected Mr. Sitompul's claim of future persecution on relocation and other grounds, we need only address the issue of relocation.  *See Tulengkey*, 425 F.3d at 1281.

discrimination and based on Mr. Sitompul's pastor's testimony identifying places in Indonesia where Christians can safely live.

Our review of the record does not compel us to conclude otherwise. The State Department reports indicate that Christians predominate and Muslims are a minority in certain parts of Indonesia. Mr. Sitompul does not present evidence showing why he cannot relocate to those areas. Instead, he incorrectly argues that the IJ erred in relying on only one piece of evidence when finding that he could safely relocate in Indonesia. The IJ, however, considered the entire record, including State Department reports and the pastor's testimony. *See* Admin. R. at 59-60, 63-64. In addition, the remainder of Mr. Sitompul's arguments–that the IJ erred in relying on his pastor's testimony when the pastor was not qualified as an expert and that the IJ did not make a proper relocation determination because the IJ did not consider the length of time he has been away from Indonesia, the present conditions in Indonesia, whether the islands mentioned for relocation could be reasonably relocated to, and whether he has any family ties in Indonesia that make relocation reasonable–also are not sufficient to convince us to overturn the relocation findings. *See Tulengkey*, 425 F.3d at 1282 (upholding denial of restriction on removal when "the IJ found relocation to be possible and petitioners point[ed] to no evidence that relocation would be unreasonable"). We therefore hold that the agency's determination that Mr. Sitompul failed to show a likelihood of future persecution because of his ability to relocate within Indonesia is

supported by substantial evidence. Indeed, nothing in the record compels a conclusion that Mr. Sitompul cannot relocate.

### 3. *Convention Against Torture*

We also agree with the BIA's rejection of Mr. Sitompul's argument that he is entitled to protection under the CAT because he "is more likely than not to be tortured" if removed to Indonesia. 8 C.F.R. § 1208.16(c)(4); *see id.* § 1208.16(c)(2). Mr. Sitompul's cursory treatment of his CAT claim in his appellate brief provides no reason for concluding that he would be tortured by or with the consent or acquiescence of any public official, as the CAT requires. *See id.* § 1208.18(a)(1). Furthermore, no evidence in the record suggests that he has ever been harmed by the Indonesian government or that it is more likely than not that torture bearing the necessary nexus to persons acting in an official capacity would occur if he were returned to Indonesia. We therefore are compelled to conclude that the BIA's denial of CAT protection was supported by substantial evidence.

## CONCLUSION

We DISMISS for lack of jurisdiction the claim concerning cancellation of removal, and we DENY the remainder of the petition for review.

Entered for the Court


John C. Porfilio
Circuit Judge