FILED
United States Court of Appeals
Tenth Circuit

June 18, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SANTIAGO CASTELLON-GUZMAN,

      Petitioner,

v.

ERIC H. HOLDER, JR.,[*]
United States Attorney General,

      Respondent.

No. 08-9559
(Petition for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**GORSUCH**, Circuit Judge.

---

Santiago Castellon-Guzman (Castellon), proceeding on appeal pro se,

petitions for review of an order of the Board of Immigration Appeals (BIA)

affirming the immigration judge's (IJ) denial of his application for cancellation of

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Eric H. Holder, Jr. is substituted for
Michael B. Mukasey as the respondent in this appeal.

[**]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

removal, pursuant to 8 U.S.C. § 1229b(b).  He has filed a motion to proceed in this court in forma pauperis (IFP).  We grant the IFP motion, but we must deny the petition for review.

## Background

Castellon is a citizen of Mexico who entered the United States on or about March 15, 1993, without inspection.  He conceded that he is a removable alien, but requested the relief of cancellation of removal for nonpermanent residents, pursuant to 8 U.S.C. § 1229b(b).  Under that section, the Attorney General may cancel removal of an alien who is inadmissible or deportable from the United States if the alien satisfies four criteria:  (1) he has been physically present in the United States for a continuous period of not less than ten years immediately preceding the date of his application; (2) he has been a person of good moral character during that period; (3) he has not been convicted of certain offenses; and (4) "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."  8 U.S.C. § 1229b(b)(1).  The IJ did not address the first three criteria because he determined that Castellon did not meet the fourth criterion since he did not have any qualifying relatives.

Castellon argued that he met the fourth criterion because he is the sole provider for his minor American-citizen brother and sister.  The IJ ruled that the

statute did not include siblings as qualifying relatives and denied cancellation of removal. The BIA dismissed the appeal in a decision issued by a single member.

**Analysis**

*I. Jurisdiction*

We must first determine the threshold issue of this court's jurisdiction. *See Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1147 (10th Cir. 2005). The Immigration and Nationality Act (the Act) provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B). This court has held that § 1252(a)(2)(B)(i) bars appellate review of the discretionary aspects of a BIA decision concerning cancellation of removal. *Sabido Valdivia*, 423 F.3d at 1148-49. In contrast, this court has jurisdiction to review non-discretionary decisions relating to cancellation of removal. *See id.* at 1149 (agreeing with other circuits that have held that "courts retain jurisdiction to review non-discretionary decisions reached under § 1229b"). Accordingly, we have jurisdiction over the legal question whether Castellon's siblings qualify as "children" for purposes of § 1229b(b)(1). *See Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir. 2002) (holding court of appeals had jurisdiction over "the purely legal and hence non-discretionary question whether [the alien's] adult daughter qualifie[d] as a 'child'" under § 1229b(b)(1)).

## II. Standards of Review

The BIA's single-member decision clearly was issued pursuant to 8 C.F.R. § 1003.1(e)(5).[1] "Therefore, we review the BIA's decision as the final agency determination and limit our review to issues specifically addressed therein. We will resort to the IJ's reasoning as necessary . . . ." *Diallo v. Gonzales*, 447 F.3d 1274, 1279 (10th Cir. 2006) (footnote omitted). We review de novo the sole legal question presented. *See id.* Because Castellon appears pro se, we have broadly construed his brief. *See Sabido Valdivia*, 423 F.3d at 1147.

## III. Merits

The BIA ruled that Castellon's minor sister and brother did not qualify as his children within the meaning of § 1229b(b)(1)(D). It pointed out that Castellon presented no evidence that he legally adopted them or that their parents had relinquished their parental rights.

The Act defines "child" for purposes of cancellation of removal. 8 U.S.C. § 1101(b)(1). The definition does not include an alien's sister or brother. It does include "a child adopted while under the age of sixteen years if the child has been in the legal custody of, and has resided with, the adopting parent or parents for at least two years." *Id.* § 1101(b)(1)(E)(i).

---

[1]  The BIA's decision does not contain the language required for an affirmance without opinion, *see* 8 C.F.R. § 1003.1(e)(4)(ii), nor was it drafted by a three-member panel, *see id.* § 1003.1(e)(6).

"As in all cases of statutory construction, our foremost duty is to ascertain the congressional intent and give effect to the legislative will." *Ribas v. Mukasey*, 545 F.3d 922, 929 (10th Cir. 2008) (quotation omitted). The literal language of the statute controls, absent ambiguity or irrational result. *Id.*

Although Castellon's siblings are under the age of sixteen years and they resided with him for at least two years, he did not adopt his sister and brother. Therefore, because Castellon's brother and sister do not meet the statutory definition of "child," we must affirm the BIA's determination that Castellon did not meet the requirements for cancellation of removal under § 1229b(b). *See Moreno-Morante v. Gonzales*, 490 F.3d 1172, 1175 (9th Cir. 2007) (holding language of § 1101(b)(1) is unambiguous; therefore, statutory definition of "child" did not include alien's grandchildren).[2]

---

[2]     On appeal, Castellon seeks a determination that his siblings will suffer extreme hardship if he is removed to Mexico. Even if the IJ had addressed the issue of extreme hardship, this court would be without jurisdiction to review such a decision. *Sabido Valdivia*, 423 F.3d at 1148 ("[W]e lack jurisdiction to review a BIA decision that a petitioner has failed to demonstrate that removal would cause exceptional and extremely unusual hardship." (quotation omitted)). He also informs us that his father died in December 2007, after the IJ's March 2007 decision was issued. But this court is limited to a review of the pleadings and evidence presented to the agency, so we may not consider this information. *See* 8 U.S.C. § 1252(b)(4)(A) ("[The] court of appeals shall decide the petition [for review] only on the administrative record on which the order of removal is based.").

**Conclusion**

The motion to proceed IFP is GRANTED. The petition for review is DENIED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge