FILED
United States Court of Appeals
Tenth Circuit

May 10, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HICHAM SADIK,

        Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

        Respondent.

No. 12-9559
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **MATHESON**, Circuit Judge.

Hicham Sadik petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his motion to reconsider its prior decision that dismissed his appeal from the immigration judge's (IJ) denial of his application for adjustment of status. We dismiss the petition for lack of jurisdiction.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Sadik, a native of Morocco, was admitted to the United States in 2001 as a nonimmigrant student to attend Oklahoma City University. He attended school somewhere between one day and a week. Instead of returning to Morocco, he spent the next few years working odd jobs and living at various locations. He also married a U.S. citizen, divorced, and then married another U.S. citizen. He failed to appear for his required annual special registration until 2006, when he appeared before an immigration official who initiated removal proceedings.

The notice to appear charged Mr. Sadik as an alien who (1) failed to comply with the conditions of the non-immigration status under which he was admitted; (2) remained in the United States for a longer time than permitted; (3) failed to furnish information as required by the Attorney General; and (4) failed to notify the Attorney General of changes in his address.

Mr. Sadik failed to appear in immigration court to answer the charges. The IJ ordered him removed *in absentia*. Mr. Sadik then moved the BIA to reopen the proceedings and set aside the removal order. The BIA remanded the case to the IJ to adjudicate the motion to reopen. The IJ set aside his order and reopened the proceedings.

Mr. Sadik appeared before the IJ and conceded removability. He sought to adjust his status to be an abused spouse of a United States citizen under the Violence Against Women Act of 1994. The IJ found that Mr. Sadik was eligible for adjustment, *see* 8 U.S.C. § 1255(a), but denied Mr. Sadik's application in the

exercise of discretion and ordered him removed to Morocco. The IJ found that "[a]lthough [Mr. Sadik] has fulfilled the minimum statutory requirements for adjustment . . . he has not shown that he merits this discretionary form of relief based on equities in his favor." Admin. R. at 98.

Mr. Sadik appealed to the BIA, which found that Mr. Sadik had "failed to meet his burden of proving that he warrants a favorable exercise of discretion." *Id*. at 26-27. Mr. Sadik then filed a motion to reconsider with the BIA. The BIA denied the motion, noting that both the Board and the IJ "denied adjustment of status as an exercise of discretion, concluding that [Mr. Sadik] was not credible and that his equities did not outweigh the negative factors. . . . [Mr. Sadik's] motion fails to identify any error of law or fact in our decision or identify any argument advanced on appeal that was improperly overlooked by the Board." *Id*. at 3. This petition for review followed.

Because Mr. Sadik did not petition for review of the BIA's initial order, we have before us only his petition for review of the BIA's denial of his motion to reconsider. *See Stone v. INS*, 514 U.S. 386, 405-06 (1995) (contemplating separate timely filings of petition for review from underlying order of removal and of petition for review of denial of motion for reconsideration).

Under § 1255(a), the Attorney General, in his discretion, may adjust the status of an alien who meets three eligibility requirements:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved

- 3 -

petition for classification of a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

We agree with the Attorney General that this court lacks jurisdiction to review the BIA's decision denying Mr. Sadik's motion to reconsider. Title 8 U.S.C. § 1252(a)(2)(B)(i), provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under [8 U.S.C. §] 1255." This prohibition on jurisdiction means that we cannot review judgments under the sections noted in § 1252(a)(2)(B) that are "discretionary in nature." *Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1149 (10th Cir. 2005). Discretionary decisions involve an agency judgment call or involve "no algorithm on which [appellate] review can be based." *Id.* (internal quotation marks omitted).

Our resolution might be different if the request for adjustment of status was denied because Mr. Sadik did not meet one or more of the three § 1255(a) requirements for eligibility, which do not involve an agency judgment call. *See id.* (recognizing that this court has jurisdiction to review a finding under 8 U.S.C. § 1229b that the alien had met the requirement of continuous physical presence in the United States because it "is a quintessentially non-discretionary inquiry"). But here Mr. Sadik seeks review of a purely discretionary decision.

- 4 -

Not only do we lack jurisdiction to consider purely discretionary decisions, we also lack jurisdiction to review motions to reopen those decisions. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004) (noting that "where judicial review of the underlying order is precluded [the] denial of a subsequent motion to reopen [is] also precluded.").

The petition for review is therefore dismissed for lack of jurisdiction.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge