FILED
United States Court of Appeals
Tenth Circuit

April 17, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CHUNXUN LI,

       Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

       Respondent.

No. 14-9551
(Petition for Review)

ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Chunxun Li, a Chinese national, seeks review of a Board of Immigration

Appeals (BIA) decision affirming an immigration judge's (IJ) final order of removal.

We dismiss the petition in part for lack of jurisdiction and deny it in part for the

reasons stated below.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Li entered this country illegally in 1997.  In 2008, the government charged him with being present in the United States without proper admission or parole. *See* 8 U.S.C. § 1182(a)(6)(A)(i).  Li conceded the charge but applied for asylum, restriction on removal, protection under the Convention Against Torture (CAT), and cancellation of removal.  In support of his applications, Li claimed he had a well-founded fear of persecution because of China's family-planning and forced sterilization policies.  Before the IJ, Li explained he had three children, all of whom are U.S. citizens.  After he arrived in the United States, he married a woman and together they had two daughters.  His wife passed away, however, compelling him to send his daughters to live with his mother in China for several years.  In the meantime, Li stayed in the United States and fathered a third child, a son, with another woman.  This woman cared for their son and his daughters, who had since returned to the United States.  If removed to China, Li fears he will face the prospect of forced sterilization, menial work, and difficulty educating his children.

After considering this and other evidence, including a 2007 State Department country report on China, the IJ concluded Li was not entitled to relief.  According to BIA decisions parents who return to China with children born elsewhere lack a well-founded fear of persecution because China has no policy of forced sterilization for such individuals.  As to cancellation of removal, Li failed to show how his children would suffer exceptional or extremely unusual hardship if he was removed

to China.  The older daughters had spent most of their lives in China and were able to obtain adequate education and Li failed to show how his son would experience hardship.

Upon review the BIA relied on its prior decisions determining forced sterilization was not imposed on parents with circumstances similar to Li's.  Persons returning to China with U.S.-born children generally face only fines and other economic penalties.  Thus Li's circumstances, it concluded, did not support the well-founded fear of forced sterilization or other persecution necessary for asylum.  A fortiori, Li failed to meet the higher standards required for restriction on removal and CAT relief.  In upholding the refusal to cancel removal, the BIA agreed with the IJ:  Li failed to show the requisite hardship because his older daughters had spent most of their lives in China, where his family had contributed to their education expenses.  Also, he failed to elaborate on the hardship facing his son.

In summary, the BIA affirmed the IJ's decision in toto.  Li now seeks our review of his case.

## II

We first define the scope of our review.  Where, as here, the BIA issues a brief order affirming the IJ's decision, "we will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA in its affirmance."  *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006).  We review the BIA's legal

conclusions de novo, and its factual determinations for substantial evidence. *See Razkane v. Holder*, 562 F.3d 1283, 1287 (10th Cir. 2009).

Although we retain jurisdiction to review constitutional claims and questions of law raised upon a petition for review, 8 U.S.C. § 1252(a)(2)(D), we lack jurisdiction to review the agency's discretionary denial of cancellation of removal, 8 U.S.C. § 1252(a)(2)(B)(i); *Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1148 (10th Cir. 2005). Specifically, we lack jurisdiction to review the agency's discretionary determination that an alien has failed to show exceptional and extremely unusual hardship as required by 8 U.S.C. § 1229b(b)(1)(D). *See Alzainati v. Holder*, 568 F.3d 844, 848 (10th Cir. 2009). Here, the BIA affirmed the denial of cancellation of removal solely because Li failed to satisfy the proof of hardship requirement. Because we lack jurisdiction to review its discretionary determination, we dismiss the petition for review to the extent it quarrels with the denial of cancellation of removal.

Li does not advance any argument challenging the denial of restriction on removal or CAT protection. Although he briefly mentions these applications for relief in his summary of the arguments, *see* Pet'r Br. at 6-7, such passing references fail to preserve an issue for review. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."). Consequently, we decline to consider the agency's denial of restriction on removal or

CAT relief.  *See Rodas-Orellana v. Holder*, 780 F.3d 982, 998 (10th Cir. 2015) (applying waiver rule where alien failed to challenge agency determination in opening brief).

This leaves only the denial of Li's asylum claim.  To establish eligibility for asylum, an alien must show he "suffered past persecution or has 'a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'"  *Tulengkey v. Gonzales*, 425 F.3d 1277, 1280 (10th Cir. 2005) (footnote and brackets omitted) (quoting 8 U.S.C. § 1101(a)(42)(A)).  "[A] person who has a well[-]founded fear that he or she will be forced to [abort a pregnancy or to undergo involuntary sterilization] shall be deemed to have a well[-]founded fear of persecution on account of political opinion." 8 U.S.C. § 1101(a)(42).  A well-founded fear of persecution "must be both subjectively genuine and objectively reasonable."  *Tulengkey*, 425 F.3d at 1281.

Li first contends he is prima facie eligible for asylum because he submitted credible testimony and other evidence showing a well-founded fear of persecution. But this argument simply asks us to reweigh the evidence so that we might resolve the matter differently.  That is beyond our ken.  *See Sidabutar v. Gonzales*, 503 F.3d 1116, 1125 (10th Cir. 2007).  We do not review arguments merely claiming the evidence "'supports a different outcome.'"  *Alzainati*, 568 F.3d at 850-51 (quoting *Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007)).

Li also faults the BIA for refusing to consider new evidence—specifically, a 2008 State Department country report on China "and a 2009 decision . . . from a Chinese governing body," Pet'r Br. at 14—both of which Li attempted to submit to the BIA during his administrative appeal.  But the BIA was under no obligation to accept this material because it "operates as an appellate body and its practice therefore is not to accept a tender of evidence . . . but instead, if it thinks the new evidence might change the outcome, to remand the case to the [IJ]." *Reyes-Hernandez v. INS*, 89 F.3d 490, 494 (7th Cir. 1996).  Li made no motion to remand, and the BIA was under no obligation to consider the new evidence in the first instance.

Finally, Li says the BIA selectively relied on only unfavorable portions of the 2007 country report, without discussing other aspects of the same report more favorable to him.  We have no jurisdiction to consider this argument because Li raises it solely to challenge the agency's discretionary determination that he failed to establish hardship for purposes of cancellation of removal.  *See* Pet'r Br. at 15-17 (discussing portions of the 2007 country report that purportedly support claim of hardship).  Yet even if we could consider this argument, "the BIA is not required to discuss every piece of evidence when it renders a decision," *Hadjimehdigholi v. INS*, 49 F.3d 642, 648 n.2 (10th Cir. 1995).

III

The petition for review dismissed in part (as discussed) for lack of jurisdiction.
We deny relief in all other respects.

Entered for the Court


Terrence L. O'Brien
Circuit Judge