**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 15, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

HUGO ROMERO-RAIGOZA,

      Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

      Respondent.

No. 15-9575
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Hugo Romero-Raigoza, a native and citizen of Mexico, petitions for review of the

decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the

denial by the immigration judge (IJ) of his application for cancellation of removal. Our

jurisdiction is governed by 8 U.S.C. § 1252. We deny the petition.

The Department of Homeland Security charged Romero-Raigoza with being

removable under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

without having been admitted or paroled. He admitted to the charges and conceded removability before the IJ but sought relief through cancellation of removal. A removable alien may be granted cancellation of removal and adjustment to lawful status if the alien:

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
> (B) has been a person of good moral character during such period;
> (C) has not been convicted of [certain offenses]; and
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1). It is undisputed that Romero-Raigoza met the first three preconditions.

Romero-Raigoza bases his argument for "exceptional and extremely unusual hardship," § 1229b(b)(1)(D), on the impact that his removal would have on his son, a United States citizen who has a learning disability and was receiving special education services that would not be available in Mexico. Both he and his wife testified to the hardship and he submitted supporting documentary evidence. At the conclusion of the hearing the IJ stated that a decision could not be issued until the start of the next fiscal year because of an annual cap on grants of relief. *See* 8 C.F.R. § 1240.21(c)(1) (once the annual cap on grants of cancellation of removal has been reached, decisions to grant or deny relief must be reserved until a later fiscal year when a new grant becomes available). The IJ retired before then, so a new IJ reviewed the evidence that had already been presented and denied relief for failure to prove the necessary hardship.

2

Romero-Raigoza argues that his constitutional right to due process was violated because the new IJ did not conduct a new evidentiary hearing. Although we ordinarily lack jurisdiction to review a denial of cancellation of removal, *see* § 1252(a)(2)(B)(i) ("no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b); *Alzainati v. Holder*, 568 F.3d 844, 847 (10th Cir. 2009). ("Congress explicitly withdrew appellate review of decisions regarding . . . cancellation of removal."), this jurisdictional bar does not extend to constitutional claims or questions of law, *see* § 1252(a)(2)(D) ("Nothing in subparagraph (B) . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law."); *Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1148−49 (10th Cir. 2005) "We review any valid constitutional claims or questions of law de novo." *Alzainati*, 568 F.3d at 851.

Removal proceedings do not require the same constitutional safeguards as criminal prosecution. *See Schroeck v. Gonzales*, 429 F.3d 947, 951 (10th Cir. 2005). "[A]n alien in removal proceedings is entitled only to the Fifth Amendment guarantee of fundamental fairness, or in other words, only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Alzainati*, 568 F.3d at 851 (internal quotation marks omitted). To prevail on his claim Romero-Raigoza must demonstrate both error and prejudice. *See id.*

Romero-Raigoza does not complain about lack of notice and he cannot deny that he had the opportunity to be heard when he and his wife both testified at his initial merits

hearing. His complaint is that the IJ who decided his application did not hear the evidence but could only read the hearing transcript. He raises two specific claims.

First, he argues that the second IJ violated a federal regulation and a memorandum governing the transfer of cases. *See* 8 C.F.R. § 1240.1(b) (requiring substituted IJs to familiarize themselves with the record and expressly state that familiarity on record); Interim Operating Policies and Procedures Memorandum No. 12-01: Procedures on Handling Applications for Suspension/Cancellation in Non-Detained Cases Once Numbers are no Longer Available in a Fiscal Year (Feb. 3, 2012) at 8, available at http://www.justice.gov/eoir/oppm-log (last visited Aug. 18, 2016) (when a decision is reserved without a draft decision having been prepared, the IJ should note on a worksheet whether grant or denial is contemplated and "should schedule a hearing to render the oral decision"). We seriously doubt that a violation of the cited regulation or memorandum would rise to a constitutional error. But in any event Romero-Raigoza has not shown any prejudice from a violation. Inadequate familiarity with the record would be troubling, but even though the IJ did not state on the record that he had gained such familiarity, his opinion demonstrates that he gave full consideration to the evidence. And there is nothing to suggest that if the IJ had rendered his decision orally, it would have differed from the written decision.

Second, Romero-Raigoza suggests that it was unfair to have the new IJ render a decision without seeing the witnesses. But decision-makers often properly rely on documentary evidence, including transcripts of testimony. Perhaps there could be a problem if the decision-maker makes a finding regarding a witness's credibility without

4

observing the witness.  *See Gaye v. Lynch,* 788 F.3d 519, 531, 534 (6th Cir. 2015) (White, J., dissenting).  But here the IJ credited the testimony favorable to Romero-Raigoza.  We see no due-process violation.  *See, e.g., Abdallahi v. Holder,* 690 F.3d 467, 472−74 (6th Cir. 2012) (no due-process violation when IJ who decided case was not the one who heard testimony);

We DENY the petition for review.  We also DENY the respondent's motion to dismiss.

Entered for the Court


Harris L Hartz
Circuit Judge