**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MIRIAM JUDITH TOBAR; JOSE
MANUEL ESPINOZA; ADRIANA
ESPINOZA MORALES,

Petitioners,

v.

ALBERTO R. GONZALES,
Attorney General,

Respondent.

No. 06-9506
(No. A78-889-265)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

Petitioners Miriam Judith Tobar, Jose Manuel Espinoza, and Adriana

Espinoza Morales are Mexican citizens who face removal from this country.

Petitioners seek review of a Board of Immigration Appeals (BIA) decision

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G)10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.  This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.  The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

denying their applications for cancellation of removal. Petitioners claim we have jurisdiction under the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, 310 (2005) (providing that courts of appeals have jurisdiction to review constitutional claims and questions of law). Alternatively, petitioners request reinstatement of voluntary departure. We conclude the REAL ID Act has no impact on our lack of jurisdiction over the BIA's discretionary determination, *id.*; § 1252(a)(2)(B)(i), and that we lack authority to reinstate an expired period of voluntary departure, *Sviridov v. Ashcroft*, 358 F.3d 722, 731 (10th Cir. 2004). Accordingly, we dismiss the petition and deny reinstatement of voluntary departure.

## I. Background

Petitioners Miriam Judith Tobar and Jose Manuel Espinoza have been married twenty-four years. Petitioner Adriana Espinoza Morales is their daughter. The family, along with an elder son, Elliot, entered the United States in 1993 without inspection and is therefore subject to removal. Tobar and Espinoza also have a younger son, Daniel, who was born in this country after they entered and is thereby a United States citizen.

In 1994, Tobar applied for asylum to the Immigration and Naturalization Service (INS), but her application was denied. On November 13, 2003, the Department of Homeland Security (DHS)[1] initiated removal proceedings against

---

[1]     On March 1, 2003, the INS ceased to exist as an independent agency within the Department of Justice, and its functions were transferred to the Department of
(continued...)

petitioners by filing Notices to Appear (NTA), charging them as removable under 8 U.S.C. § 1182(a)(6)(A)(i) for having been present in the United States without being admitted or paroled. Petitioners sought cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1). That provision permits the Attorney General to cancel removal proceedings against an alien who: (A) has been continuously present in the United States not less than ten years; (B) is of good moral character; (C) has not been convicted of a specified offense; and (D) demonstrates that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child who is a citizen or lawfully admitted permanent resident.

Following a merits hearing at which each family member testified, the Immigration Judge (IJ) found that petitioners satisfied the first three elements of § 1229b(b)(1), but failed to demonstrate that removal would result in exceptional and extremely unusual hardship. Consequently, the IJ denied petitioners' applications for removal, but granted voluntary departure. Petitioners appealed to the BIA, asserting the "IJ did not take all the factors present in this case into consideration when evaluating the applications." R. at 13. Specifically, petitioners argued the IJ failed to account for the detrimental impact removal would have upon Daniel, who would be forced to relocate with petitioners to Mexico. *Id.* They also argued the IJ failed to consider the loss of the family

[1](...continued)
Homeland Security. *Ferry v. Gonzales*, 457 F.3d 1117, 1121 n.1 (10th Cir. 2006).

home and savings, the loss of Tobar's employment and retirement account, and the possibility of Espinoza's death given that he suffered from a serious heart condition. *Id.*

The BIA rejected these contentions and affirmed the IJ's ruling. Adopting but supplementing the IJ's decision, the BIA concurred that petitioners had failed "to establish the necessary 'exceptional and extremely unusual hardship' to qualifying family members within the meaning of [§ 1229b]." R. at 2. Citing Espinoza's ability to return to work, the BIA found that even considering his health issues and lack of health insurance, the totality of the hardship caused to Daniel was insufficient to establish the requisite level of hardship. *Id.* Hence, the BIA dismissed petitioners' appeal, but affirmed the grant of voluntary departure. *Id.*

Petitioners now argue we have jurisdiction under the REAL ID Act because they were denied due process by the IJ's failure to consider all factors relevant to the hardship determination. Alternatively, petitioners seek retroactive reinstatement of voluntary departure. We address the jurisdictional and voluntary departure issues in turn.

## II. Discussion

### A. Jurisdiction

"We have jurisdiction to determine our jurisdiction." *Schroeck v. Gonzales*, 429 F.3d 947, 950 (10th Cir. 2005). We have general jurisdiction to

review a final order of removal, and where, as here, the BIA relies upon the IJ's rationale to affirm its decision, we may consult the IJ's more complete analysis. *Uanreroro v. Gonzales*, 443 F.3d 1197, 1202-04 (10th Cir. 2006).

The Immigration and Nationality Act (INA) provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under" § 1229b. 8 U.S.C. § 1252(a)(2)(B)(i). We have previously held that § 1252(a)(2)(B)(i) precludes us from exercising jurisdiction over "any discretionary aspect of a BIA decision concerning cancellation of removal." *Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1147-48 (10th Cir. 2005). In particular, we lack jurisdiction to review a BIA decision that a petitioner has failed to demonstrate that removal would cause exceptional and extremely unusual hardship. *Morales Ventura v. Ashcroft*, 348 F.3d 1259, 1262 (10th Cir. 2003).

Congress recently altered the statutory landscape, however, by enacting the REAL ID Act of 2005. REAL ID Act, § 106(a)(1)(A)(iii) (codified at 8 U.S.C. § 1252(a)(2)(D)). The REAL ID Act adds a new subparagraph, § 1252(a)(2)(D), that grants us a narrow basis of jurisdiction over constitutional claims or questions of law raised upon a petition for review. *Perales-Cumpean v. Gonzales*, 429 F.3d 977, 982 n.4 (10th Cir. 2005). Notwithstanding the REAL ID Act, however, "challenges directed solely at the agency's discretionary and factual

determinations remain outside the scope of judicial review." *Ferry v. Gonzales*, 457 F.3d 1117, 1130 (10th Cir. 2006) (internal quotation omitted).

Petitioners acknowledge that § 1252(a)(2)(B)(i) bars us from reviewing discretionary agency decisions made pursuant to § 1229b. Nonetheless, asserting they were denied due process by the IJ's failure to consider all factors relevant to its hardship determination, petitioners argue the REAL ID Act grants us jurisdiction to review this constitutional claim. Respondent counters that petitioners are merely cloaking their challenge to the agency's discretionary hardship determination in "due process garb." Resp't Br. 11-12. Respondent insists our jurisdiction over such discretionary agency findings is specifically precluded by § 1252(a)(2)(B)(i). We agree.

Discretionary agency decisions may not be recast as constitutional errors or questions of law so as to invoke our jurisdiction under § 1252(a)(2)(D). *See Perales-Cumpean*, 429 F.3d at 982 (rejecting "petitioner's attempt to recast the BIA's decision on extreme cruelty as a pure question of law" because it "involve[d] the exercise of agency discretion"). The "talismanic invocation" of due process language does not suffice to provide this court with jurisdiction over non-reviewable discretionary claims via the "constitutional claims" allowance of the REAL ID Act. *Saloum v. U.S. Citizenship & Immigration Servs.*, 437 F.3d 238, 243 (2d Cir. 2006). To hold otherwise would permit all petitioners to circumvent Congress's clear intent to eliminate jurisdiction over discretionary

decisions "through the facile device of re-characterizing an alleged abuse of discretion as a 'due process' violation." *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001); *see also id.* ("To determine whether we have jurisdiction over claims labeled as due process violations, we must look beyond the label.").

We are not alone in rejecting abuse-of-discretion claims recast as constitutional errors or questions of law simply to invoke jurisdiction under the REAL ID Act. *See, e.g.*, *Vasile v. Gonzales*, 417 F.3d 766, 768 (7th Cir. 2005) ("Perhaps [petitioner] would like to shoehorn his claim into the 'question of law' category, but it simply does not fit there."); *Ramadan v. Gonzales*, 427 F.3d 1218, 1222 (9th Cir. 2005) ("Should there be any doubt about the meaning of the term "questions of law" in the REAL ID Act, the legislative history makes it abundantly clear this term refers to a narrow category of issues regarding statutory construction."); *see also Torres-Aguilar*, 246 F.3d at 1271 ("[A] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb."). Moreover, courts have specifically rejected the notion that an IJ's failure to consider certain evidence or even reach the correct conclusion establishes a constitutional claim within the meaning of the REAL ID Act. Indeed, as the Second Circuit explains:

> [T]he mere assertion that an IJ has abused his discretion by
> incorrectly weighing the evidence, failing to explicitly consider
> certain evidence, or simply reaching the wrong outcome does not
> itself establish a colorable constitutional claim within the meaning of

> 8 U.S.C. § 1252(a)(2)(D), even if a petitioner dresses up his claim in the language of due process.

*Bugayong v. INS*, 442 F.3d 67, 72 (2d Cir. 2006) (internal quotations and alterations omitted).

Here, petitioners attempt to circumvent the jurisdictional bar imposed by § 1252(a)(2)(B)(i) by characterizing their claim as a constitutional error amenable to § 1252(a)(2)(D) review. Yet petitioners do not allege they were denied an opportunity to present their case before an unbiased IJ, or that the IJ misinterpreted § 1229b. Rather, they contend the BIA "erred in determining that [they] failed to demonstrate that their removal would result in exceptional and extremely unusual hardship." Pet'rs' Br. 13-14. They assert their right to due process was violated because the BIA "erred in not evaluating all the factors present in this case, or at least in not addressing all of them in the decision." *Id.* at 17. These arguments are unavailing, however, because they challenge the IJ's discretionary findings and take aim at the manner in which the IJ balanced certain hardship factors. As a consequence, these arguments are beyond the narrow category of issues we may review pursuant to the REAL ID Act. *See Diallo v. Gonzales*, 447 F.3d 1274, 1281-82 (10th Cir. 2006). Accordingly, we must dismiss the petition for review for lack of jurisdiction.

B. Voluntary Departure

During the pendency of this appeal, petitioners sought in this court a stay of voluntary departure. We denied that request because petitioners failed to make the showings required to obtain a stay and because they had not established our jurisdiction to consider the petition for review. *See Tobar v. Gonzales*, No. 06-9506 (10th Cir. Mar. 21, 2006) (order denying motion for stay). The period for voluntary departure has since expired, and petitioners now ask us to retroactively reinstate voluntary departure. This court, however, is without authority to reinstate an expired period of voluntary departure. *Sviridov v. Ashcroft*, 358 F.3d 722, 731 (10th Cir. 2004). Reinstating an expired period of voluntary departure necessarily authorizes a new opportunity to voluntarily depart, which is a function Congress has assigned to the Attorney General. 8 U.S.C. § 1229c; *Mullai v. Ashcroft*, 385 F.3d 635, 640 (6th Cir. 2004). We cannot circumvent Congress's will. Nor can we reinstate a voluntary departure period, as petitioners urge, simply because Congress imposed limits upon the length of time for which a district director may extend voluntary departure. Once a voluntary departure period expires, "there is nothing to suspend and any court order purporting to toll an expired period of voluntary departure would have the effect of creating a new voluntary departure period." *Bocova v. Gonzales*, 412 F.3d 257, 266 (1st Cir. 2005). This, as we have said,

would be an impermissible circumvention of Congressional will. Accordingly, we deny petitioners' request to reinstate voluntary departure.

### III. Conclusion

The petition is DISMISSED for lack of jurisdiction. Petitioners' request for reinstatement of voluntary departure is DENIED.

Entered for the Court


John C. Porfilio
Circuit Judge