UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ERASMO RODRIGUEZ-
RODRIGUEZ,

        Petitioner,

v.

ERIC H. HOLDER, JR.,

        Respondent.[*]

No. 08-9566
(Board of Immigration Appeals)

**ORDER AND JUDGMENT**[**]

Before **TACHA**, **TYMKOVICH**, and **GORSUCH,** Circuit Judges.[***]

Petitioner Erasmo Rodriguez-Rodriguez seeks review of a decision by the

Board of Immigration Appeals denying his request for voluntary departure.  We

---

[*]  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Respondent requests that Eric H. Holder, Jr. be substituted for Michael Mukasey as the respondent in this case.

[**]  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[***]  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

lack jurisdiction over each of Rodriguez's claims and therefore DISMISS his petition for review.

## I. Background

Because the parties are familiar with the facts, we summarize only those relevant to our disposition of this case.

Rodriguez is a national and citizen of Mexico, and he admits he illegally entered the United States in February 1997. To gain entry, Rodriguez falsely claimed to be a United States citizen and presented a phony birth certificate. In June 2002, Rodriguez attempted to use the same birth certificate to procure an American passport. Passport officials learned that the name listed on the birth certificate belonged to a man who died in 1997, so federal agents arrested Rodriguez for passport fraud. Rodriguez pleaded guilty to knowingly possessing a stolen identification document in violation of 18 U.S.C. § 1028(a)(6) and was sentenced to time served.

The Immigration and Naturalization Service subsequently served Rodriguez with a Notice to Appear, thereby initiating removal proceedings against him. Rodriguez conceded he was subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(6)(C)(ii), but sought cancellation of removal or, alternatively, voluntary departure. After holding a removal hearing, the Immigration Judge (IJ) denied Rodriguez the requested relief and ordered him removed. On appeal, the Board of

Immigration Appeals (BIA) issued a brief, non-summary order affirming the decision of the IJ.  *See* 8 C.F.R. § 1003.1(e)(5).[1]

Rodriguez now petitions this court for review, abandoning his request for cancellation of removal and seeking only voluntary departure.

## II.  Analysis

Though we generally have jurisdiction under 8 U.S.C. § 1252(a) to review final BIA removal orders, this jurisdiction is significantly limited.  Particularly relevant here is 8 U.S.C. § 1229c(f), which states, "[n]o court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure."  *See also Ekasinta v. Gonzales*, 415 F.3d 1188, 1190 (10th Cir. 2005) ("[W]e lack jurisdiction to review an immigration judge's refusal to grant voluntary departure.").  Despite this limitation, however, we may reach any "constitutional claims or questions of law" raised by Rodriguez in his petition, even if they relate to the BIA's denial of his application for voluntary departure. 8 U.S.C. § 1252(a)(2)(D); *see Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007).

In an attempt to place his appeal within § 1252(a)(2)(D) and thereby vest us with jurisdiction, Rodriguez makes a litany of arguments purporting to implicate

---

[1]  In immigration cases, the scope of our review is usually limited to the decision of the BIA.  *Sidabutar v. Gonzales*, 503 F.3d 1116, 1123 (10th Cir. 2007).  However, where the BIA issues a brief order affirming the decision of the IJ—as occurred here—we may look to the IJ's opinion for a more complete understanding of the BIA's order.  *Id.*

the Due Process Clause of the Fifth Amendment. Most of these arguments fall under his general claim that the BIA's decision was not supported by substantial evidence.

For example, Rodriguez argues (1) the IJ "accept[ed] as facts the innuendos made by Government's counsel"; (2) failed to consider "favorable factors" relevant to his application for voluntary departure; (3) "unfairly" found Rodriguez to be "disingenuous" in his testimony; (4) wrongly discredited Rodriguez's testimony regarding various allegedly improper tax returns he filed while living and working illegally in the United States; and (5) "failed to balance equities" regarding the relevance of Rodriguez's past illegal conduct to his application for voluntary departure. Pet'r Br. at 16, 20, 22, 23, 26. Each of these arguments is merely "a challenge to the agency's discretionary and fact-finding exercises cloaked in constitutional garb." *Kechkar*, 500 F.3d at 1084; *see also Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 98 (2d Cir. 2007) (holding that the mere talismanic invocation of the Due Process Clause does not place a petitioner's claim within § 1252(a)(2)(D)). The arguments are therefore beyond the scope of our jurisdiction and must be dismissed. *Id*.

Indeed, only one of Rodriguez's arguments potentially implicates a question of law cognizable under § 1252(a)(2)(D). Rodriguez asserts the IJ improperly applied 8 U.S.C. § 1229c(b)(1)(B), which sets forth one of the requirements of voluntary departure. Under § 1229c(b)(1)(B), an alien is ineligible for voluntary

-4-

departure unless "the alien is, and has been, a person of good moral character *for at least 5 years* immediately preceding the alien's application for voluntary departure." (emphasis added). Rodriguez claims the IJ improperly considered his passport fraud, which occurred on June 4, 2002, as bearing on his "good moral character." Rodriguez asserts that he filed his application for voluntary departure on October 22, 2007—the date of his removal hearing—and therefore the fraud occurred outside the relevant statutory five-year window.

In its decision, the BIA found that "[a]t the time of the hearing before the Immigration Judge, the respondent had been convicted of passport fraud within the relevant 5-year period." A.R. at 2. Rodriguez does not challenge that finding. Instead, he asks us to examine the IJ's decision, which he claims erroneously uses the date of service of the Notice to Appear—December 2, 2002—rather than the date Rodriguez actually committed passport fraud, in applying 8 U.S.C. § 1229c(b)(1)(B). This, Rodriguez claims, "resulted in an incorrect cut off date being used to determine the required five years of good moral character." Pet'r Br. at 21.

Upon closer inspection, it is clear this claim merely challenges the BIA's endorsement of the IJ's fact-finding. The BIA stated, "the record amply supports the Immigration Judge's finding that the respondent failed to demonstrate the requisite good moral character." A.R. at 2. As the government points out, the record shows Rodriguez applied for voluntary departure long before October 22,

2007.  Although the precise date of his application is not clear, it could not have been filed later than February 22, 2006, when Rodriguez's counsel submitted a legal brief to the IJ arguing he was eligible for voluntary departure.  This suggests the BIA's conclusion that Rodriguez "had been convicted of passport fraud within the relevant 5-year period," A.R. at 2, was not erroneous.  More importantly, it means we lack jurisdiction.  Rodriguez cannot "avoid[] the jurisdictional bar by arguing that the evidence was incorrectly weighed, insufficiently considered, or supports a different outcome." *Kechkar*, 500 F.3d at 1084.  This is precisely what he seeks to do, and his claim is therefore barred.

## III.  Conclusion

For the foregoing reasons, Rodriguez's petition is DISMISSED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge