1 F.3d 1059
 143 L.R.R.M. (BNA) 2939
 U.S. DEPARTMENT of the INTERIOR, Bureau of Reclamation,
Missouri Basin Region, Petitioners,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent,
International Brotherhood of Electrical Workers, Local 1759,
Intervenor.
 No. 92-9503.
 United States Court of Appeals,
Tenth Circuit.
 July 27, 1993.
 
 Frank A. Rosenfeld, Appellate Staff Atty. (Stuart M. Gerson, Asst. Atty. Gen. and William Kanter, Appellate Staff Attorney, with him on the briefs), Dept. of Justice, Washington, DC, for petitioner.
 Pamela P. Johnson (William E. Persina, Sol., William R. Tobey, Deputy Sol. and Arthur A. Horowitz, Associate Sol., with her on the brief), Federal Labor Relations Authority, Washington, DC, for respondent.
 Lynne L. Hicks (Donald P. MacDonald, with her on the brief), Denver, CO, for intervenor.
 Before SEYMOUR and KELLY, Circuit Judges, and LEONARD, District Judge.*
 SEYMOUR, Circuit Judge.
 
 
 1
 The United States Department of the Interior, Bureau of Reclamation, Missouri Basin Region (the Bureau), petitions this court to overturn a decision by the Federal Labor Relations Authority (FLRA) upholding an arbitration award. The arbitrator determined that the Bureau had acted unlawfully in unilaterally terminating a pay practice required by a collective bargaining agreement between the Bureau and the intervenor, the International Brotherhood of Electrical Workers, Local 1759 (the Union). The Bureau recognizes that judicial review of the FLRA's decision is ordinarily precluded by statute. It nevertheless contends that the FLRA's decision is erroneous and that the error rises to the level held judicially reviewable under Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), and its progeny. We disagree and dismiss for lack of jurisdiction.
 
 
 2
 The Union represents Bureau employees who negotiate their wages and premium pay provisions in accordance with section 704 of the Civil Service Reform Act (codified at 5 U.S.C. Sec. 5343 note (1988)) and section 9(b) of the Prevailing Rate Systems Act (also codified at 5 U.S.C. Sec. 5343 note). Most federal employees have their pay set administratively according to rates and practices prevailing in the relevant private sector. However, Congress has preserved the collective bargaining rights of a small minority of workers such as those represented here, who have historically negotiated with their employers and entered into collective bargaining agreements. See United States Info. Agency v. FLRA, 895 F.2d 1449, 1451 (D.C.Cir.1990). The statutory scheme governing the resolution of labor disputes arising from these collective bargaining agreements establishes a two-track system. See American Fed'n of Gov't Employees, Local 916 v. FLRA, 951 F.2d 276, 277 (10th Cir.1991).
 
 
 3
 The aggrieved party may file a statutory unfair labor practice charge with FLRA General Counsel, who determines whether a complaint should issue. If a complaint ensues, the matter is adjudicated by FLRA, subject to judicial review in the court of appeals. On the other hand, the aggrieved party may elect instead to pursue the matter through the statutorily mandated grievance procedure established in the applicable collective bargaining agreement. If resolution by grievance fails initially, the dispute may be brought before an arbitrator, whose determination is subject to final review by FLRA. A key feature of the grievance-arbitration process is that once FLRA has rendered its decision, judicial review is unavailable "unless the order involves an unfair labor practice under section 711 of this title." 5 U.S.C. Sec. 7123(a)(1). Thus, "[b]oth routes offer one level of review--the statutory route provides for judicial review of the FLRA's decision and the grievance route provides for FLRA review of the arbitrator's decision".
 
 
 4
 Id. (citation and footnotes omitted).
 
 
 5
 In this case, the Union chose the second alternative and filed a grievance alleging that the Bureau had violated the collective bargaining agreement by unilaterally terminating Sunday premium pay during the contract term without bargaining on the issue. The arbitrator agreed and issued an award ordering the pay practice reinstated. The Bureau filed exceptions to the award with the FLRA pursuant to 5 U.S.C. Sec. 7122(a) (1988). The FLRA upheld the award initially, 42 F.L.R.A. 55 (Oct. 10, 1991), and again on the Bureau's motion for reconsideration, 43 F.L.R.A. 38 (Nov. 29, 1991).
 
 
 6
 The Bureau now seeks judicial review and reversal of the FLRA's decision. The statutory provision governing review of FLRA orders entered under section 7122 provides:
 
 
 7
 Any person aggrieved by any final order of the Authority other than an order under --
 
 
 8
 (1) section 7122 of this title (involving an award by an arbitrator), unless the order involves an unfair labor practice under section 7118 of this title, or
 
 
 9
 (2) section 7112 of this title (involving an appropriate unit determination),
 
 
 10
 may, during the 60-day period beginning on the date on which the order was issued, institute an action for judicial review of the Authority's order in the United States court of appeals in the circuit in which the person resides or transacts business or in the United States Court of Appeals for the District of Columbia.
 
 
 11
 5 U.S.C. Sec. 7123(a) (1988) (emphasis added). It is undisputed that the FLRA order challenged here does not involve an unfair labor practice. Thus, the plain language of the statute specifically precludes our review. See, e.g., United States Dep't of Justice v. FLRA, 981 F.2d 1339, 1342 (D.C.Cir.1993) (collecting cases).
 
 
 12
 The Bureau acknowledges that section 7123 ordinarily bars judicial review of an FLRA order such as the one at issue here, but nonetheless argues that jurisdiction is proper under the exception recognized in Leedom v. Kyne. In Kyne, the Supreme Court upheld judicial review, despite a statutory provision intended to preclude such review, "where the National Labor Relations Board had acted 'in excess of its delegated powers and contrary to a specific prohibition in the [National Labor Relations] Act.' " Griffith v. FLRA, 842 F.2d 487, 492 (D.C.Cir.1988) (quoting Kyne, 358 U.S. at 188, 79 S.Ct. at 183). In considering whether to proceed under Kyne, courts have emphasized that the case provides an exception of "very limited scope," United States Dep't of Justice, 981 F.2d at 1342, to be "invoked only in exceptional circumstances," Greater Detroit Resource Recovery Auth. v. United States Envtl. Protection Agency, 916 F.2d 317, 323 (6th Cir.1990). As one court has pointed out, the language used in Kyne "carefully and clearly delineated the narrow scope of its holding." Physicians Nat'l House Staff Ass'n v. Fanning, 642 F.2d 492, 495 (D.C.Cir.1980) (en banc), cert. denied, 450 U.S. 917, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981). Under the Court's description of the order at issue in Kyne, agency action will only fall within the exception created by Kyne when the agency's determination is "made in excess of its powers," 358 U.S. at 185, 79 S.Ct. at 182, when the agency "disobeyed the express command of [its organic act] ... and in doing so ... acted in excess of its powers," id. at 186-87, 79 S.Ct. at 183, when the agency order is "an attempted exercise of power that had been specifically withheld," id. at 189, 79 S.Ct. at 184, and when it is "agency action taken in excess of delegated powers," id. at 190, 79 S.Ct. at 185.
 
 
 13
 The particular circumstances in Kyne help to clarify the quasi-jurisdictional nature of the exception. At issue was a National Labor Relations Board order in a representation proceeding. The National Labor Relations Act authorizes the Board to certify a bargaining unit made up of both professional and non-professional employees only when a majority of the professional employees vote for inclusion in the unit. See 29 U.S.C. Sec. 159(b)(1) (1988). Despite this explicit limitation on the extent of the Board's delegated authority, the Board certified a unit including both professional and non-professional employees without taking a vote to determine whether a majority of the professional employees wished to be included in the unit. The Supreme Court concluded that it had jurisdiction in these circumstances to "strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act." Kyne, 358 U.S. at 188, 79 S.Ct. at 184; see also Oestereich v. Selective Serv. System, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968) (review granted; Selective Service Board without authority to deny exemption).
 
 
 14
 The Bureau contends here that the FLRA order is reviewable under Kyne because the FLRA committed plain legal error in construing section 704(b) of the Civil Service Reform Act. In so doing, the Bureau makes two interrelated arguments. First, the Bureau asserts that our jurisdiction turns on whether the FLRA committed plain error. However, the Court in Kyne cautioned that the suit there was "not one to 'review,' in the sense of that term as used in the [NLRA], a decision of the Board made within its jurisdiction." 358 U.S. at 188, 79 S.Ct. at 184. It is clear that Kyne does not confer jurisdiction merely because the FLRA made an error of law. See Boire v. Greyhound Corp., 376 U.S. 473, 481, 84 S.Ct. 894, 899, 11 L.Ed.2d 849 (1964) ("The Kyne exception is a narrow one, not to be extended to permit plenary district court review of [NLRB] orders in certification proceedings whenever it can be said that an erroneous assessment of the particular facts before the Board has led it to a conclusion which does not comport with the law.") "That the Board may have made an error of fact or law is insufficient; the Board must have acted without statutory authority." Physicians Nat'l House Staff Ass'n, 642 F.2d at 496; see also United States Dep't of Justice, 981 F.2d at 1343.
 
 
 15
 Second, the Bureau contends that Kyne jurisdiction is present because, by plainly misconstruing the Civil Service Reform Act, the FLRA has acted contrary to a specific statutory prohibition that is clear and mandatory. As we have discussed above, the clear and mandatory statutory prohibition the Board violated in Kyne was contained in its enabling act. When the Board acted in violation of that statute, it exceeded its delegated authority and used a power that Congress had expressly denied it. Here, to the contrary, we are not concerned with a violation of the agency's enabling act. The FLRA clearly had the statutorily conferred authority to make a decision based on its construction of the Civil Service Reform Act. The Bureau thus asks us to undertake judicial review of an agency decision which the agency had the authority to make simply because that decision was allegedly plainly wrong. To rest Kyne jurisdiction on the basis that the FLRA has erred in reviewing an arbitration award is to "turn every error of law into a basis for review, effectively repealing hundreds of finality provisions." Griffith, 842 F.2d at 494. Congress has explicitly mandated otherwise in section 7123(a) by precluding judicial review unless the order involves an unfair labor practice.
 
 
 16
 Finally, even if we were to assume that Kyne jurisdiction could be based on the FLRA's violation of a statute other than its enabling act, the type of inquiry the Bureau asks us to undertake here is nonetheless outside the narrow perimeters of Kyne. The provision of the Civil Service Reform Act at issue does not provide a facially clear and mandatory directive on the issue of the negotiability of Sunday premium pay. Resolution of that issue necessarily depends upon applying the law to the facts. The Supreme Court has expressly stated that Kyne jurisdiction is not available to address an allegation that the agency's erroneous assessment of the facts has led it to an improper legal conclusion. See Boire, 376 U.S. at 481, 84 S.Ct. at 898; see also United States Dep't of Justice, 981 F.2d at 1343-44; Griffith, 842 F.2d at 493-94; Physicians Nat'l House Staff Ass'n, 642 F.2d at 496 & n. 4. We agree with those courts that have rejected virtually identical arguments and refused to find Kyne jurisdiction in these circumstances.
 
 
 17
 The petition is dismissed for lack of jurisdiction.
 
 
 
 *
 Honorable Timothy D. Leonard, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation