FILED
United States Court of Appeals
Tenth Circuit

June 22, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICARDO SALAS-ACUNA,

   Petitioner,

  v.

ERIC H. HOLDER, JR., United States
Attorney General,

   Respondent.

No. 09-9567

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-appellant Ricardo Salas-Acuna, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his application for cancellation of removal and his request for voluntary departure. Because

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

we lack jurisdiction to consider any of Mr. Salas-Acuna's claims, we DISMISS his appeal.

## I. BACKGROUND

Mr. Salas-Acuna first came to the United States in 1994 and has, for the most part, resided in Pocatello, Idaho since that time. In 1997, Mr. Salas-Acuna twice received voluntary departure from the United States government. On the first occasion, he was arrested in Pocatello when police discovered methamphetamine in a vehicle he was driving. After his arrest, he met with Immigration Officer Blanca Chapa to discuss his options. During this meeting, Ms. Chapa informed him that he could appear before an Immigration Judge ("IJ") in Colorado to fight his immigration case but that he would likely have to remain incarcerated for a year before his immigration case could be heard. Mr. Salas-Acuna testified that Ms. Chapa also informed him that if he signed a voluntary departure form he could depart to Mexico and re-enter the United States the same way he had previously entered. Ultimately, Mr. Salas-Acuna signed the voluntary departure form and was escorted by federal officials to the Mexican border in April 1997. After spending a month in Mexico, he returned to the United States.

Mr. Salas-Acuna was again granted voluntary departure in December 1997. On that occasion, he was arrested while riding in a stolen vehicle. Similar to the previous incident, Mr. Salas-Acuna met with Ms. Chapa who suggested that the quickest way to secure his release from custody would be to sign a voluntary departure form, depart the United States, and re-enter the same way he had previously entered. Mr. Salas-Acuna

signed the form and was escorted by federal officials to the Mexican border. He returned to Mexico again for one month before he re-entered the United States.

On March 7, 2007, the Department of Homeland Security ("DHS") initiated removal proceedings by serving Mr. Salas-Acuna with a Notice to Appear. At a hearing before an IJ in January 2008, Mr. Salas-Acuna conceded removability but contested the government's assertion that he had entered the United States at or near San Ysidro, California on or about December 20, 1997. Then, on April 15, 2008, he filed an application for cancellation of removal and, alternatively, requested voluntary departure.

In the hearing before an IJ on Mr. Salas-Acuna's motion, DHS argued that he was not eligible for cancellation of removal because he had not been continuously present in the United States for ten years prior to his application due to his voluntary departures in April and December 1997. *See* 8 U.S.C. § 1229b(b)(1) (mandating, as a prerequisite to cancellation of removal, that an alien "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application"). Mr. Salas-Acuna countered that his voluntary departures "would not trigger the stop-time rule because of the nature of the returns." Specifically, Mr. Salas-Acuna argued that Ms. Chapa led him to believe he was not being forced to return to Mexico under threat of deportation, and therefore his voluntary departures should not interrupt his continuous ten-year presence in the United States. The IJ rejected this argument and concluded that Mr. Salas-Acuna had not demonstrated continuous physical presence in the United States for ten years and was therefore ineligible for cancellation of

removal.  Additionally, the IJ denied Mr. Salas-Acuna's request for voluntary departure "as a matter of discretion."

On appeal to the BIA, Mr. Salas-Acuna argued that the IJ erred in finding that he had left the United States under threat of deportation.  He again relied on evidence that Ms. Chapa had led him to believe he was not being forced out of the United States under threat of deportation.  Specifically, Mr. Salas-Acuna contended that she had explained that he could re-enter the United States the same way he had on previous occasions.  The BIA rejected this argument and upheld the IJ's decisions to deny Mr. Salas-Acuna's motion for cancellation of removal and his request for voluntary departure.  Mr. Salas-Acuna now petitions for review of that order.

## II.  DISCUSSION

Mr. Salas-Acuna raises three claims.  First, he argues that the BIA erred in its analysis of the continuous presence requirement by not adhering to 8 U.S.C. § 1229b(d)(2), which provides that "[a]n alien shall be considered to have failed to maintain continuous physical presence in the United States . . . if the alien has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days."  According to Mr. Salas-Acuna, under this provision his two thirty-day departures from the United States should not disqualify him from obtaining a cancellation of removal.  Second, Mr. Salas-Acuna argues that the BIA erred in finding that his two voluntary departures were under a threat of deportation.  Third, he argues that the BIA erred in denying his request for voluntary departure.  We lack jurisdiction to

- 4 -

consider any of these claims.

The failure to raise a claim that could have been raised to the BIA constitutes a failure to exhaust administrative remedies and deprives this court of jurisdiction to hear the claim on appeal. *Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991). The administrative record reflects that Mr. Salas-Acuna never raised his § 1229b(d)(2) claim to the IJ or the BIA. Indeed, he never argued that his voluntary departures were individually shorter than ninety days or that they were cumulatively shorter than 180 days. Accordingly, he did not exhaust his administrative remedies on this claim.

Nevertheless, Mr. Salas-Acuna contends that he was not required to exhaust this claim under two exceptions to the general exhaustion requirement. First, he contends that the BIA's decision constitutes a plain violation of an unambiguous and mandatory statute, and therefore this unexhausted claim falls within the jurisdictional exception articulated in *Leedom v. Kyne*, 358 U.S. 184 (1958). Generally, the *Leedom* exception allows courts to consider claims over which they would not ordinarily have jurisdiction "when [an] agency order is 'an attempted exercise of power that ha[s] been specifically withheld.'" *U.S. Dep't of Interior v. FLRA*, 1 F.3d 1059, 1061 (10th Cir. 1993) (quoting *Leedom*, 358 U.S. at 189). We have stated that the *Leedom* exception is "of very limited scope" and that it may "be invoked only in exceptional circumstances." *Id.* (internal quotations omitted).

With § 1229b(d)(2), Congress expressly withheld from the Attorney General the power to grant a cancellation of removal "if [an] alien has departed from the United

States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days." 8 U.S.C. § 1229b(d)(2); *see also id.* § 1229b(b)(1)(A) (allowing the Attorney General to cancel removal only if the alien "has been physically present in the United States for a continuous period of not less than 10 years . . ."). That provision, however, does not prohibit the denial of a cancellation of removal when the alien has voluntarily departed but has not been absent from the United States for any single ninety-day period or for any periods in the aggregate exceeding 180 days. Because § 1229b(d)(2) does not expressly prohibit the action of the BIA in this case, Mr. Salas-Acuna's unexhausted claim does not fall within the narrow *Leedom* exception.

Mr. Salas-Acuna also claims that he was not required to exhaust his § 1229b(d)(2) claim because it would have been futile to do so. Specifically, he argues that the BIA had already resolved this issue contrary to his position and was not likely to reverse its precedent. We have recognized in various contexts that "exhaustion is not required where it would be futile or fail to provide adequate relief." *McQueen v. Colorado Springs Sch. Dist. No. 11*, 488 F.3d 868, 874 (10th Cir. 2007) (quotations and alterations omitted). We have also held, however, that "a party may not consider it to be futile to lodge an objection before an administrative body simply because the body has precedent which contradicts the party's position." *Tinker Air Force Base v. FLRA*, 321 F.3d 1242, 1248 (10th Cir. 2002). Accordingly, Mr. Salas-Acuna's contention that it would have been futile to raise his § 1229b(d)(2) claim to the BIA is belied by our precedent. And, because he fails to demonstrate that any exception to the exhaustion requirement applies,

we dismiss Mr. Salas-Acuna's first claim on appeal for failure to exhaust administrative remedies.

We also lack jurisdiction to consider Mr. Salas-Acuna's second claim. Under 8 U.S.C. § 1252(a)(2)(B)(i), "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b." We have held, however, that this statute "prohibit[s] review only of those 'judgments' that are discretionary in nature," *Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1149 (10th Cir. 2005), as well as any factual determinations underlying such discretionary judgments. *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009). Indeed, we "retain jurisdiction to review non-discretionary decisions under § 1229b." *Sabido Valdivia*, 423 F.3d at 1148.

In his second claim, Mr. Salas-Acuna argues that the BIA erred in denying his application for cancellation of removal because it incorrectly found that his two voluntary departures were undertaken under a threat of deportation. As discussed above, § 1229b(d)(2) expressly deprives the Attorney General of discretion to grant a cancellation of removal if an alien has been absent from the United States for any single 90-day period or for any periods in the aggregate exceeding 180 days. Accordingly, we have exercised jurisdiction over the  question whether an alien has been absent from the United States for a single ninety-day period. *Id.* at 1149. Unlike a question regarding the length of an alien's absence, however, the question whether an alien departed under threat of deportation does not implicate a non-discretionary aspect of the BIA's decision. Indeed, Congress has not mandated that the Attorney General cancel removal of an alien who has

left without the threat of deportation, nor has it prohibited the Attorney General from cancelling the removal of an alien who has left under the threat of deportation. Thus, whether Mr. Salas-Acuna's two voluntary departures in 1997 were under a threat of deportation is a factual question underlying a discretionary aspect of the BIA's decision concerning cancellation of removal which we are prohibited from reviewing under § 1252(a)(2)(B)(i). *See id.* ("[Section] 1252(a)(2)(B)(i) bars this court's review of any discretionary aspect of a BIA decision concerning cancellation of removal.").

We likewise lack jurisdiction to consider Mr. Salas-Acuna's claim that the BIA erred in denying his request for voluntary departure. *See* 8 U.S.C. § 1229c(f). Indeed, we have previously held that we lack jurisdiction to review any final agency ruling which denies a request for voluntary departure. *Ekasinta v. Gonzales*, 415 F.3d 1188, 1190 (10th Cir. 2005).

### III. CONCLUSION

For the foregoing reasons, we lack jurisdiction to consider any of Mr. Salas-Acuna's claims. Accordingly, we DISMISS his appeal. Additionally, because Mr. Salas-Acuna has not demonstrated an inability to pay, we DENY his request to proceed in

forma pauperis on appeal.  He is obligated to pay the entire amount of the appellate filing

fee forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

09-9567, Salas-Acuna v. Holder

**BRISCOE,** Chief Judge, concurring and dissenting.

I concur with the majority decision as it relates to Salas-Acuna's first and third claims. However, because it is clear that we retain jurisdiction to entertain Salas-Acuna's claim that the Board of Immigration Appeals ("BIA") incorrectly determined that his previous voluntary departures from the United States were under the threat of deportation, I respectfully dissent from the majority's dismissal of this claim. Rather, I would reach the merits of this claim and affirm the ruling of BIA.

The majority correctly notes that we "retain jurisdiction to review non-discretionary decisions reached under [8 U.S.C.] § 1229b." Sabido Valdivia v. Gonzales, 423 F.3d 1144, 1148 (10th Cir. 2005). The majority is, however, incorrect in its assertion that "the question of whether an alien departed under threat of deportation does not implicate a non-discretionary aspect of the BIA's decision." Maj. O&J at 7.

The BIA has determined that an alien who voluntarily departs the United States under threat of deportation breaks his or her period of continuous physical presence for the purposes of § 1229b(1)(A). In re Romalez-Alcaide, 23 I. & N. Dec. 423, 429 (2002) (en banc). And as our sister circuits have previously noted, the BIA's interpretation of § 1229b(1)(A) is entitled to Chevron deference.[1] See Ascencio-Rodriguez v. Holder, 595 F.3d 105, 112 (2d Cir. 2010) ("We hold today that the BIA's interpretation of the

---

[1] Notably, Salas-Acuna does not challenge the BIA's interpretation of § 1229b(1)(A). Rather, he merely challenges the efficacy of the BIA's adjudication of his case, which was undertaken pursuant to this interpretation.

cancellation of removal statute expressed in [In re Romalez-Alcaide] is reasonable and is entitled to Chevron deference."); accord Gutierrez v. Mukasey, 521 F.3d 1114, 1116 (9th Cir. 2008); Reyes-Vasquez v. Ashcroft, 395 F.3d 903, 906-08 (8th Cir. 2005); Mireles-Valdez v. Ashcroft, 349 F.3d 213, 217-18 (5th Cir. 2003). Thus, when the BIA determines whether an alien has previously voluntarily left the United States under threat of deportation, it is not exercising discretion. Rather, such a determination simply "involves straightforward statutory interpretation and application of law to fact." Mireles-Valdez, 349 F.3d at 217 (5th Cir. 2003); accord Reyes-Vasquez, 395 F.3d at 906 (8th Cir. 2005) (noting that "the IJ did not exercise discretionary authority because he determined that [the petitioner] was ineligible for relief" due to the fact that he had voluntarily departed the United States under threat of deportation).

Accordingly, we retain jurisdiction to review the BIA's determination that Salas-Acuna voluntarily left the United States under threat of deportation and thus, I would reach the merits of Salas-Acuna's second claim. Because, however, Salas-Acuna has failed to demonstrate that any reasonable adjudicator would be compelled to conclude that the BIA's factual determinations were erroneous, see Sarr v. Gonzales, 474 F.3d 783, 788-89 (10th Cir. 2007) (noting that BIA decisions are reviewed for "substantial evidence" and thus, that the BIA's "findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary" (quotation and citation omitted)); accord Gutierrez, 521 F.3d at 1116-18 (reviewing an IJ's determination that the petitioner voluntarily left under threat of

deportation under a substantial evidence standard), I would nonetheless affirm the

decision of the BIA.