ORDER AND JUDGMENT*
DEANELL REECE TACHA, Circuit Judge.
After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. RApp. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
Petitioner-appellant Ricardo Salas-Acu-na, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (“BIA”) denying his application for cancellation of removal and his request for voluntary departure. Because we lack jurisdiction to consider any of Mr. Salas-Acuna’s claims, we DISMISS his appeal.
I. BACKGROUND
Mr. Salas-Acuna fust came to the United States in 1994 and has, for the most part, resided in Pocatello, Idaho since that time. In 1997, Mr. Salas-Acuna twice received voluntary departure from the United States government. On the first occasion, he was arrested in Pocatello when police discovered methamphetamine in a vehicle he was driving. After his arrest, he met with Immigration Officer Blanca Chapa to discuss his options. During this meeting, Ms. Chapa informed him that he could appear before an Immigration Judge (“U”) in Colorado to fight his immigration case but that he would likely have to remain incarcerated for a year before his immigration case could be heard. Mr. Salas-Acuna testified that Ms. Chapa also informed him that if he signed a voluntary departure form he could depart to Mexico and re-enter the United States the same way he had previously entered. Ultimately, Mr. Salas-Acuna signed the voluntary departure form and was escorted by federal officials to the Mexican border in April 1997. After spending a month in Mexico, he returned to the United States.
Mr. Salas-Acuna was again granted voluntary departure in December 1997. On that occasion, he was arrested while riding in a stolen vehicle. Similar to the previous incident, Mr. Salas-Acuna met with Ms. Chapa who suggested that the quickest way to secure his release from custody *786 would be to sign a voluntary departure form, depart the United States, and reenter the same way he had previously entered. Mr. Salas-Acuna signed the form and was escorted by federal officials to the Mexican border. He returned to Mexico again for one month before he reentered the United States.
On March 7, 2007, the Department of Homeland Security (“DHS”) initiated removal proceedings by serving Mr. Salas-Acuna with a Notice to Appear. At a hearing before an IJ in January 2008, Mr. Salas-Acuna conceded removability but contested the government’s assertion that he had entered the United States at or near San Ysidro, California on or about December 20, 1997. Then, on April 15, 2008, he filed an application for cancellation of removal and, alternatively, requested voluntary departure.
In the hearing before an IJ on Mr. Salas-Acuna’s motion, DHS argued that he was not eligible for cancellation of removal because he had not been continuously present in the United States for ten years prior to his application due to his voluntary departures in April and December 1997. See 8 U.S.C. § 1229b(b)(l) (mandating, as a prerequisite to cancellation of removal, that an alien “has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application”). Mr. Salas-Acuna countered that his voluntary departures “would not trigger the stop-time rule because of the nature of the returns.” Specifically, Mr. Salas-Acuna argued that Ms. Chapa led him to believe he was not being forced to return to Mexico under threat of deportation, and therefore his voluntary departures should not interrupt his continuous ten-year presence in the United States. The IJ rejected this argument and concluded that Mr. Salas-Acuna had not demonstrated continuous physical presence in the United States for ten years and was therefore ineligible for cancellation of removal. Additionally, the IJ denied Mr. Salas-Acuna’s request for voluntary departure “as a matter of discretion.”
On appeal to the BIA, Mr. Salas-Acuna argued that the IJ erred in finding that he had left the United States under threat of deportation. He again relied on evidence that Ms. Chapa had led him to believe he was not being forced out of the United States under threat of deportation. Specifically, Mr. Salas-Acuna contended that she had explained that he could re-enter the United States the same way he had on previous occasions. The BIA rejected this argument and upheld the IJ’s decisions to deny Mr. Salas-Acuna’s motion for cancellation of removal and his request for voluntary departure. Mr. Salas-Acuna now petitions for review of that order.
II. DISCUSSION
Mr. Salas-Acuna raises three claims. First, he argues that the BIA erred in its analysis of the continuous presence requirement by not adhering to 8 U.S.C. § 1229b(d)(2), which provides that “[a]n alien shall be considered to have failed to maintain continuous physical presence in the United States ... if the alien has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days.” According to Mr. Salas-Acuna, under this provision his two thirty-day departures from the United States should not disqualify him from obtaining a cancellation of removal. Second, Mr. Salas-Acuna argues that the BIA erred in finding that his two voluntary departures were under a threat of deportation. Third, he argues that the BIA erred in denying his request for voluntary departure. We lack jurisdiction to consider any of these claims.
*787 The failure to raise a claim that could have been raised to the BIA constitutes a failure to exhaust administrative remedies and deprives this court of jurisdiction to hear the claim on appeal. Rivera-Zurita v. INS, 946 F.2d 118, 120 n. 2 (10th Cir.1991). The administrative record reflects that Mr. Salas-Acuna never raised his § 1229b(d)(2) claim to the IJ or the BIA. Indeed, he never argued that his voluntary departures were individually shorter than ninety days or that they were cumulatively shorter than 180 days. Accordingly, he did not exhaust his administrative remedies on this claim.
Nevertheless, Mr. Salas-Acuna contends that he was not required to exhaust this claim under two exceptions to the general exhaustion requirement. First, he contends that the BIA’s decision constitutes a plain violation of an unambiguous and mandatory statute, and therefore this unexhausted claim falls within the jurisdictional exception articulated in Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). Generally, the Leedom exception allows courts to consider claims over which they would not ordinarily have jurisdiction “when [an] agency order is ‘an attempted exercise of power that ha[s] been specifically withheld.’” U.S. Dep’t of Interior v. FLRA, 1 F.3d 1059, 1061 (10th Cir.1993) (quoting Leedom, 358 U.S. at 189, 79 S.Ct. 180). We have stated that the Leedom exception is “of very limited scope” and that it may “be invoked only in exceptional circumstances.” Id. (internal quotations omitted).
With § 1229b(d)(2), Congress expressly withheld from the Attorney General the power to grant a cancellation of removal “if [an] alien has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days.” 8 U.S.C. § 1229b(d)(2); see also id. § 1229b(b)(l)(A) (allowing the Attorney General to cancel removal only if the alien “has been physically present in the United States for a continuous period of not less than 10 years ... ”). That provision, however, does not prohibit the denial of a cancellation of removal when the alien has voluntarily departed but has not been absent from the United States for any single ninety-day period or for any periods in the aggregate exceeding 180 days. Because § 1229b(d)(2) does not expressly prohibit the action of the BIA in this case, Mr. Salas-Acuna’s unexhausted claim does not fall within the narrow Leedom exception.
Mr. Salas-Acuna also claims that he was not required to exhaust his § 1229b(d)(2) claim because it would have been futile to do so. Specifically, he argues that the BIA had already resolved this issue contrary to his position and was not likely to reverse its precedent. We have recognized in various contexts that “exhaustion is not required where it would be futile or fail to provide adequate relief.” McQueen v. Colorado Springs Sch. Dist. No. 11, 488 F.3d 868, 874 (10th Cir.2007) (quotations and alterations omitted). We have also held, however, that “a party may not consider it to be futile to lodge an objection before an administrative body simply because the body has precedent which contradicts the party’s position.” Tinker Air Force Base v. FLRA, 321 F.3d 1242, 1248 (10th Cir.2002). Accordingly, Mr. Salas-Acuna’s contention that it would have been futile to raise his § 1229b(d)(2) claim to the BIA is belied by our precedent. And, because he fails to demonstrate that any exception to the exhaustion requirement applies, we dismiss Mr. Salas-Acuna’s first claim on appeal for failure to exhaust administrative remedies.
We also lack jurisdiction to consider Mr. Salas-Acuna’s second claim. Under 8 U.S.C. § 1252(a)(2)(B)®, “no court shall *788 have jurisdiction to review any judgment regarding the granting of relief under section ... 1229b.” We have held, however, that this statute “prohibit[s] review only of those ‘judgments’ that are discretionary in nature,” Sabido Valdivia v. Gonzales, 423 F.3d 1144, 1149 (10th Cir.2005), as well as any factual determinations underlying such discretionary judgments. Arambula-Medina v. Holder, 572 F.3d 824, 828 (10th Cir.2009). Indeed, we “retain jurisdiction to review non-discretionary decisions under § 1229b.” Sabido Valdivia, 423 F.3d at 1148.
In his second claim, Mr. Salas-Acu-na argues that the BIA erred in denying his application for cancellation of removal because it incorrectly found that his two voluntary departures were undertaken under a threat of deportation. As discussed above, § 1229b(d)(2) expressly deprives the Attorney General of discretion to grant a cancellation of removal if an alien has been absent from the United States for any single 90-day period or for any periods in the aggregate exceeding 180 days. Accordingly, we have exercised jurisdiction over the question whether an alien has been absent from the United States for a single ninety-day period. Id. at 1149. Unlike a question regarding the length of an alien’s absence, however, the question whether an alien departed under threat of deportation does not implicate a non-discretionary aspect of the BIA’s decision. Indeed, Congress has not mandated that the Attorney General cancel removal of an alien who has left without the threat of deportation, nor has it prohibited the Attorney General from cancelling the removal of an alien who has left under the threat of deportation. Thus, whether Mr. Salas-Acuna’s two voluntary departures in 1997 were under a threat of deportation is a factual question underlying a discretionary aspect of the BIA’s decision concerning cancellation of removal which we are prohibited from reviewing under § 1252(a)(2)(B)(i). See id. (“[Section] 1252(a)(2)(B)© bars this court’s review of any discretionary aspect of a BIA decision concerning cancellation of removal.”).
We likewise lack jurisdiction to consider Mr. Salas-Acuna’s claim that the BIA erred in denying his request for voluntary departure. See 8 U.S.C. § 1229c(f). Indeed, we have previously held that we lack jurisdiction to review any final agency ruling which denies a request for voluntary departure. Ekasinta v. Gonzales, 415 F.3d 1188, 1190 (10th Cir.2005).
III. CONCLUSION
For the foregoing reasons, we lack jurisdiction to consider any of Mr. Salas-Acu-na’s claims. Accordingly, we DISMISS his appeal. Additionally, because Mr. Salas-Acuna has not demonstrated an inability to pay, we DENY his request to proceed in forma pauperis on appeal. He is obligated to pay the entire amount of the appellate filing fee forthwith.

 This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.